# EXHIBIT G-9

Execution Version

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (the "**Agreement**") is entered into as of April 1, 2016, by and between Gordon Brothers Commercial & Industrial, LLC, a Delaware limited liability company (the "**Seller**"), and Lifetime Brands, Inc., a Delaware corporation, or its assignee (the "**Purchaser**").

### Introduction

The Purchaser wishes to purchase from the Seller, and the Seller desires to sell to the Purchaser, certain of the inventory and intellectual property, and other specified assets, of Seller, in each case, that are exclusively related to the business (the "**Business**") known as Wilton Armetale, Inc. ("**Wilton**"). The purchase and sale of the assets and the other transactions contemplated hereby are sometimes collectively referred to herein as the "**Transactions**."

NOW THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### ARTICLE 1
### THE TRANSACTIONS; CLOSING

**1.1.** **Purchase and Sale of Purchased Assets**. Subject to the terms and conditions of this Agreement, and in reliance upon the representations and warranties contained herein, at the Closing, the Purchaser shall purchase from the Seller, and the Seller shall sell, convey, transfer, assign and deliver to the Purchaser, free and clear of all liens, security interests, mortgages, encumbrances and restrictions of every kind (collectively, "**Liens**"), all of the following (collectively, the "**Purchased Assets**"):

(a)    all Intellectual Property of the Seller exclusively relating to the Business, including without limitation, all trademarks, patents, molds, customer lists, domain names and designs whether or not set forth on **Schedule 1.1(a)**;

(b)    all product and packaging designs and molds held and owned by Seller for all products sold under Seller's trademarks exclusively relating to the Business;

(c)    the inventory , supplies, finished goods, work in process, packaging materials and other consumables of Seller exclusively relating to the Business as set forth on **Schedule 1.1(c)** (the "**Inventory**");

(d)    all printed catalogs, packaging, packaging inserts, user manuals and instructions associated with the Intellectual Property or the Inventory of Seller exclusively relating to the Business; and

(e)    all goodwill associated with such Purchased Assets.

Seller acknowledges and agrees that the Purchased Assets include, without limitation, Intellectual Property, Inventory and other assets in the categories set forth in Section 1.1(a)

through (f) that were purported to be acquired by Seller from Wilton, even if record title to such assets has not yet been transferred by Wilton to Seller.

**1.2.    Excluded Assets.** Notwithstanding the foregoing, the Purchased Assets shall not include any assets of the Seller other than the Purchased Assets.

**1.3.    Excluded Liabilities.** The Purchaser shall not assume or in any way be responsible for any obligations or liabilities of the Seller (whether or not disclosed) of any kind.

**1.4.    Certain Definitions.** For purposes of this Agreement, the following terms shall have the meanings indicated below:

"**Affiliate**" has the meaning ascribed to it in Rule 405 promulgated under the Securities Act of 1933, as amended.

"**Intellectual Property**" shall mean all intellectual property rights of every kind of Seller including all (i) patents, patent applications, patent disclosures and inventions, (ii) trademarks, service marks, trade dress, trade names, logos and corporate names (in each case, whether registered or unregistered) and registrations and applications for registration thereof, (iii) copyrights (registered or unregistered) and registrations and applications for registration thereof, (iv) computer software, data, data bases and documentation thereof, (v) trade secrets and other confidential or proprietary information (including, without limitation, ideas, formulas, compositions, inventions (whether patentable or unpatentable and whether or not reduced to practice), know-how, research and development information, drawings, specifications, designs, plans, proposals, molds, technical data, copyrightable works, financial and marketing plans and customer and supplier lists and information, (vi) World Wide Web addresses, Websites, domain name registrations, (vii) works of authorship including, without limitation, computer programs, source code and executable code, whether embodied in software, firmware or otherwise, documentation, designs, files, records, data and mask works and any rights in semiconductor masks, layouts, architectures or topography, and (viii) goodwill associated with any of the foregoing. For purposes of this paragraph, "Websites" shall mean all series of interconnected pages on the World Wide Web, content, written materials, graphics and designs formatted using HTML code or another web-based code, located at, or otherwise intended to be accessible by, internet users visiting one of the domain names listed on **Schedule 1.1(a)**; *provided, however*, "Websites" shall exclude any computer software, script, programming code, formatting code, customer transaction data and customer reviews. The Seller's patents, trademarks and copyrights registered with the United States Patent and Trademark Office and the Borrower's registered domain names are set forth on **Schedule 1.1(a)** attached hereto and incorporated herein.

"**Person**" means any natural person or corporation, limited liability company, partnership, trust, other business entity, governmental authority or non-governmental authority.

"**Purchase Price**" means the sum of (i) for the Inventory, an amount equal to 68% of the cost value thereof as set forth on **Schedule 1.1(c)**, which shall be payable

2

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

within ten (10) business days after the date Purchaser takes possession thereof, plus (ii) for all of the Intellectual Property and other Purchased Assets, $350,000, which shall be payable at the Closing. The Purchase Price shall be paid by wire transfer of immediately available funds in U.S. dollars pursuant to the wire instructions attached hereto as **Exhibit 1.4**.

"**Tax**" or "**Taxes**" means all taxes, charges, fees, levies, penalties, additions or other assessments imposed by any foreign, federal, state or local taxing authority, including, but not limited to, income, excise, property, sales, use, transfer, franchise, payroll, withholding, value added, social security or other taxes, charges or assessments, including any interest, penalties or additions attributable thereto.

"**Tax Returns**" means all reports, estimates, declarations of estimated Tax, information statements and returns relating to, or required to be filed in connection with, any Taxes and any schedules attached to or amendments of (including refund claims with respect to) any of the foregoing.

**1.5.    Closing.** The Transactions contemplated hereby shall take place at a closing (the "**Closing**") to be held remotely by the electronic exchange of documents and signatures (or at such location as the parties may designate in writing) on the date hereof (the "**Closing Date**").

**1.6.    Allocation.** The total amount of the Purchase Price shall be allocated among the Purchased Assets for Tax purposes in a manner consistent with the allocations of the Purchase Price set forth herein. It is agreed that the allocations under this Section 1.6 will be binding on all parties for federal, state, local and other Tax purposes and will be consistently reflected by each party on such party's Tax Returns.

## ARTICLE 2
## REPRESENTATIONS AND WARRANTIES CONCERNING THE SELLER

The Seller represents and warrants to the Purchaser that the information contained in this Article 2 is true and correct and will be true and correct as of the Closing Date:

**2.1.    Organization, Power and Standing.** The Seller is a limited liability duly organized, validly existing and in good standing under the laws of the State of Delaware, and has all requisite power and authority to own, lease and operate its properties and to carry on its business as historically conducted (collectively, the "**Business**").

**2.2.    Due Authorization; No-Conflict.** The Seller has full power and authority and has taken all required action on its part (including manager and member approval) necessary to permit it to execute and deliver and to carry out the terms of this Agreement and the other agreements, instruments and documents of the Seller contemplated hereby. No consent, order, authorization, approval, declaration or filing with any Person, is required on the part of the Seller for or in connection with its execution, delivery or performance of this Agreement or any of the other agreements, documents and instruments contemplated hereby. The execution, delivery and performance of this Agreement and the other agreements, documents and instruments contemplated hereby by the Seller will not result in any violation of, be in conflict

3

with, constitute a default under, or cause the acceleration of any obligation or loss of any rights under, any Legal Requirement or agreement, contract, instrument, organizational document or permit to which the Seller is a party or by which the Seller is bound.

**2.3.    Validity and Enforceability.** This Agreement is, and each of the other agreements, documents and instruments contemplated hereby to which the Seller is a party shall be when executed and delivered by the Seller, the valid and binding obligations of the Seller enforceable in accordance with its terms, except as limited by applicable bankruptcy, insolvency, reorganization, moratorium and other laws of general application affecting enforcement of creditors' rights generally.

**2.4.    Contracts.** There are no contracts, agreements or arrangement, whether written or oral, to which the Seller is party and related to the Purchased Assets that are necessary for the Purchaser to own and enjoy the Purchased Assets following the Closing.

**ARTICLE 3**
**REPRESENTATIONS AND WARRANTIES OF THE PURCHASER**

The Purchaser represents and warrants to the Seller that each of the statements contained in this Article 3 is true and correct and will be true and correct as of the Closing Date:

**3.1.    Authority.** The Purchaser has full power and authority and has taken all required action on its part necessary to permit it to execute and deliver and to carry out the terms of this Agreement and the other agreements, instruments and documents of the Purchaser contemplated hereby.

**3.2.    No Conflict.** No consent, approval or authorization of or declaration or filing with any governmental or non-governmental authority or any party to any contact with the Purchaser is required on the part of the Purchaser for or in connection with its execution, delivery or performance of this Agreement and the other agreements, documents and instruments contemplated hereby. The execution, delivery and performance of this Agreement and the other agreements, documents and instruments contemplated hereby by the Purchaser will not result in any violation of, be in conflict with, or constitute a default under any Legal Requirement, agreement, contract, instrument, charter, by-laws, operating agreement, partnership agreement, organizational document, Permit to which the Purchaser is a party or by which the Purchaser is bound.

**3.3.    Validity and Enforceability.** This Agreement is, and each of the other agreements, documents and instruments contemplated hereby to which the Purchaser is a party shall be when executed and delivered by the Purchaser, the valid and binding obligations of the Purchaser enforceable in accordance with its terms, except as limited by applicable bankruptcy, insolvency, reorganization, moratorium and other laws of general application affecting enforcement of creditors' rights generally.

**3.4.** Except as specifically provided herein, the Assets are being sold and conveyed on an "as is, where is" basis, without any further representations or warranties, express or implied. Except for the representations and warranties expressly set forth in this Agreement, the Seller expressly disclaims, and the Purchaser agrees that it is not relying on, any other representations

4

or warranties (written or oral), whether made by Seller or any of its affiliates, officers, directors, employees, representatives, or agents.

## ARTICLE 4
## SELLER'S POST-CLOSING COVENANTS

**4.1.    Use of Name.** The Seller acknowledges and agrees that the names "Wilton Armetale" and any abbreviations or derivations thereof, constitute part of the Purchased Assets and shall refrain from using any such names, abbreviations or derivations after the Closing. Notwithstanding the forgoing, Purchaser hereby acknowledges and agrees that Seller may continue to use the any names and trademarks related to the Business for nine (9) months after the Closing solely for purposes of (i) selling the inventory related to the Business that is not transferred to Purchaser hereunder and (ii) collecting accounts receivable related to the Business, provided that such use of names and trademarks would not reasonably be anticipated to have an adverse effect on the Purchased Assets.

**4.2.    Use of UPC Codes.** Seller hereby agrees and grants to Purchaser a perpetual, irrevocable, royalty-free license to use the UPC code(s) associated with the Inventory for purposes of selling the Inventory purchased hereunder after the Closing.

## ARTICLE 5
## CLOSING DELIVERABLES;

**5.1.    Closing Deliverables.** At the Closing, the parties have executed and delivered (i) a Bill of Sale, in the form of **Exhibit A**, (ii) a Trademark Assignment in the form of **Exhibit B**, (iii) a Domain Name and Website Assignment in the form of **Exhibit C** and (iv) a Copyright Assignment in the form of **Exhibit D**, collectively reflecting the Seller's transfer of such Purchased Assets to the Purchaser free and clear of all Liens.

## ARTICLE 6
## SURVIVAL; INDEMNIFICATION

**6.1.    Survival.** The representations, warranties, covenants and agreements contained herein shall survive the Closing and any investigation or finding made by or on behalf of the Purchaser or the Seller. No action for a breach of the representations and warranties contained herein shall be brought after March 31, 2017, except for claims of which the Seller has been notified with reasonable specificity by the Purchaser, or claims of which the Purchaser has been notified with reasonable specificity by the Seller, within such period, which shall survive until such claims have been resolved.

**6.2.    Indemnification by the Seller.** The Seller shall indemnify and hold the Purchaser and its Affiliates harmless from and against all claims, liabilities, obligations, costs, damages, losses and expenses (including reasonable attorneys' fees and costs of investigation) of any nature (collectively, "**Losses**") arising out of or relating to (i) any breach or violation of the representations or warranties of the Seller set forth in this Agreement (including the schedules) or in any certificate or document delivered pursuant to this Agreement, (ii) any breach or violation of the covenants or agreements of the Seller set forth in this Agreement, or (iv) any fraud, intentional misrepresentation or willful misconduct.

5

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

GB_001093

**6.3.    Indemnification by the Purchaser.** The Purchaser shall indemnify and hold the Seller harmless from and against all Losses arising out of or relating to any breach or violation of the representations, warranties, covenants or agreements of the Purchaser set forth in this Agreement.

**6.4.    Adjustment to Purchase Price.** All indemnification payments paid pursuant to this Article shall be adjustments to the purchase price.

**ARTICLE 7**
**MISCELLANEOUS**

**7.1.    Notices.** All notices, demands or other communications hereunder shall be in writing and shall be deemed to have been duly given if delivered in person, by e-mail or fax, by United States mail, certified or registered with return receipt requested, or by a nationally recognized overnight courier service, or otherwise actually delivered:

    **(a)**    if to the Seller, to:

> Gordon Brothers Commercial & Industrial, LLC
> 800 Boylston Street, 27th Floor
> Boston, MA 02199
> Attention:  Jim Lightburn
> Email: jlightburn@gordonbrothers.com

> with a copy (which shall not constitute notice) to:

> Choate, Hall & Stewart LLP
> Two International Place
> Boston, Massachusetts 02110
> Attention:  Kevin J. Simard
> Fax: (617) 248-4000
> E-mail: ksimard@choate.com

    **(b)**    if to the Purchaser, to:

> Lifetime Brands, Inc.
> 1000 Stewart Avenue
> Garden City, New York 11530
> Attention:  Dan Siegel, President
> E-mail: dan.siegel@lifetimebrands.com

or at such other address as may have been furnished by such person in writing to the other parties.  Any such notice, demand or communication shall be deemed given on the date given, if delivered in person, e-mailed or faxed or otherwise actually delivered, on the date received, if given by registered or certified mail, return receipt requested or given by overnight delivery service, or three days after the date mailed, if otherwise given by first class mail, postage prepaid.

6

Confidential—Subject To                    December 19, 2016
Limited Use/Non-Disclosure Agreement

**7.2.    Governing Law; Forum.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York applicable to agreements executed and to be performed solely within such State. Any judicial proceeding arising out of or relating to this Agreement shall be brought in the courts of the State of New York, and, by execution and delivery of this Agreement, each of the parties to this Agreement accepts the exclusive jurisdiction of such courts, and irrevocably agrees to be bound by any judgment rendered thereby in connection with this Agreement. Each of the parties further agrees that a summons and complaint commencing an action or proceeding in any of such courts shall be properly served and shall confer personal jurisdiction if served to it at the address and in the manner set forth in Section 7.1 or as otherwise provided under the laws of the State of New York. This provision may be filed with any court as written evidence of the knowing and voluntary irrevocable agreement between the parties to waive any objections to jurisdiction, to venue or to convenience of forum. The foregoing consents to jurisdiction and appointments of agents to receive service of process shall not constitute general consents to service of process in the State of New York for any purpose except as provided above and shall not be deemed to confer rights on any Person other than the respective parties to this Agreement.

**7.3.    Amendments, Waivers.** This Agreement may be amended or modified only with the written consent of the Purchaser and the Seller. No waiver of any term or provision hereof shall be effective unless in writing signed by the party waiving such term or provision. No failure to exercise or delay in exercising any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right, power or remedy. The rights provided hereunder are cumulative and not exclusive of any rights, powers or remedies provided by law.

**7.4.    Expenses.** Except as otherwise expressly set forth herein, all legal and other costs and expenses incurred in connection with this Agreement and the Transactions contemplated hereby shall be paid by the party incurring such costs and expenses.

**7.5.    Successors and Assigns.** This Agreement, and all provisions hereof, shall be binding upon and inure to the benefit of the respective successors and assigns of the parties hereto, provided that this Agreement may not be assigned by any party without the prior written consent of the other parties hereto except that this Agreement may be assigned by the Purchaser to any of its Affiliates or to any Person acquiring a material portion of the assets, business or securities of the Purchaser, whether by merger, consolidation, sale of assets or securities or otherwise.

**7.6.    Entire Agreement.** This Agreement, the attached exhibits and schedules, and the other agreements, documents and instruments contemplated hereby contain the entire understanding of the parties, and there are no further or other agreements or understandings, written or oral, in effect between the parties relating to the subject matter hereof unless expressly referred to herein.

**7.7.    Counterparts.** This Agreement may be executed in one or more counterparts, and with counterpart facsimile or electronically scanned signature pages, each of which shall be an original, but all of which when taken together shall constitute one and the same Agreement.

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

GB_001095

**7.8.    Headings.** The headings of Articles and Sections herein are inserted for convenience of reference only and shall be ignored in the construction or interpretation hereof.

**7.9.    Further Assurances.** Following the Closing, the parties will execute and deliver such documents and take such other actions as may be reasonably requested from time to time by the Purchaser or the Seller in order to fully consummate the Transactions. Without limiting the foregoing, the Seller will use reasonable best efforts to execute and deliver such documents and take such other actions as may be reasonably requested from time to time by the Purchaser to convey record title of any Purchased Assets that may be held in the name of Wilton from Wilton to the Seller, and promptly thereafter from the Seller to Purchaser.

**7.10.    Third Party Beneficiaries.** Nothing in the Agreement shall be construed to confer any right, benefit or remedy upon any Person that is not a party hereto or a permitted assignee of a party hereto, except as otherwise expressly set forth in this Agreement.

**7.11.    No Strict Construction.** The parties hereto have participated jointly in the negotiation and drafting of this Agreement and the other agreements and documents contemplated herein. In the event an ambiguity or question of intent or interpretation arises under any provision of this Agreement or any other agreement or documents contemplated herein, this Agreement and such other agreements or documents shall be construed as if drafted jointly by the parties thereto, and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of authoring any of the provisions of this Agreement or any other agreements or documents contemplated herein.

**7.12.    Publicity.** The Seller may, at its own expense, place announcements on its corporate website and in financial and other newspapers and periodicals regarding the transactions contemplated hereby, so long as (a) such announcements do not disclose the price paid for the Purchased Assets or any proprietary or confidential information relating to Purchaser or the Purchased Assets and (b) the Purchaser has had a reasonable opportunity to review and comment on the substance of such announcements and the Seller has considered in good faith any comments the Purchaser may have; provided, that the Seller shall not be required to afford the Purchaser the opportunity to review and comment on the substance of any such announcement to the extent that the substance thereof is not broader than in any prior announcement placed by the Seller or approved by Purchaser. Subject to the foregoing, following the Closing, the Seller shall not, directly or indirectly, disclose, divulge or make use of any trade secrets or other information of a business, financial, marketing, technical or other nature pertaining to the Purchaser, or the Business, including information of others that the Purchaser has agreed to keep confidential and the terms and conditions of this Agreement, except (a) to the extent that such information shall have become public knowledge other than by breach of this Agreement by the Seller, (b) to the extent Seller is required to disclose such information in order to comply with its obligations hereunder, (c) to the extent that disclosure of such information is not in breach of the Confidentiality Agreement dated March 24, 2016 and (d) to the extent that disclosure of such information is required by law or legal process (but only after the Seller has provided the Purchaser with reasonable notice and opportunity to take action against any legally required disclosure).

8

**7.13. Schedules and Exhibits.** All schedules and exhibits to this Agreement are an integral part of this Agreement and are incorporated herein by reference in this Agreement for all purposes of this Agreement. All schedules and exhibits delivered with this Agreement shall be arranged to correspond with the numbered and lettered sections and subsections contained in this Agreement, and the disclosures in such schedules shall qualify only the corresponding sections and subsections contained in this Agreement, unless otherwise expressly provided herein.

**7.14. Waiver of Jury Trial.** EACH PARTY HERETO ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE IT HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT AND ANY OF THE AGREEMENTS DELIVERED IN CONNECTION HEREWITH OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.

**7.15. Severability.** This Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision hereof shall be prohibited or invalid under any such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating or nullifying the remainder of such provision or any other provisions of this Agreement. If any one or more of the provisions contained in this Agreement shall for any reason be held to be excessively broad as to duration, geographical scope, activity or subject, such provisions shall be construed by limiting and reducing it so as to be enforceable to the maximum extent permitted by applicable law.

**7.16. Certain Taxes.** All transfer, documentary, sales, use, real property gains, stamp, registration, and other such Taxes and fees incurred in connection with this Agreement shall be paid by the Purchaser when due, and the Purchaser will, at its own expense, file all necessary Tax Returns and other documentation with respect to all such transfer, documentary, sales, use, real property gains, stamp, registration, and other Taxes and fees, and, if required by applicable law, the Purchaser will join in the execution of any such Tax Returns and other documentation.

**7.17. Brokers.** Each party to this Agreement represents and warrants to the other party that it has not incurred and will not incur any liability for brokerage fees, finders' fees, agents' commissions, or similar obligations in connection with this Agreement and the transactions contemplated hereby. Each party shall pay its own fees and expenses in connection with this transaction.

*[Signature page follows.]*

9

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

IN WITNESS WHEREOF, the parties hereto have executed and delivered this
Agreement as a sealed instrument as of the date first above written.

SELLER:

GORDON BROTHERS COMMERCIAL & INDUSTRIAL, LLC

By: _____

Name: Jim Lightburn
Title: Managing, Director

PURCHASER:

LIFETIME BRANDS, INC.

By: _____
Name:
Title:

[Signature Page to Asset Purchase Agreement]

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

IN WITNESS WHEREOF, the parties hereto have executed and delivered this
Agreement as a sealed instrument as of the date first above written.

SELLER:

GORDON BROTHERS COMMERCIAL & INDUSTRIAL, LLC

By: _____
Name:
Title:

PURCHASER:

LIFETIME BRANDS, INC.

By: _____
Name: Jeffrey S~~~~
Title: Chairman and CEO

[Signature Page to Asset Purchase Agreement]

Confidential—Subject To
Limited Use/Non-Disclosure Agreement

December 19, 2016

GB_001099

## EXHIBIT 1.4

### WIRE INSTRUCTIONS

Gordon Brothers Commercial & Industrial, LLC
Bank of America
100 Federal Street
Boston, MA 02110
Account # 4602296205
ABA # 026 009 593

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

GB_001100

## EXHIBIT A

### BILL OF SALE

Gordon Brothers Commercial & Industrial, LLC, a Delaware limited liability company (the "Seller"), does hereby sell, transfer, assign and convey unto Lifetime Brands, Inc., a Delaware corporation, or its assignee (the "Purchaser"), the Purchased Assets (as defined in the Asset Purchase Agreement of even date herewith between the Seller and Purchaser).

The Seller represents and warrants that it has good and marketable title to the Purchased Assets, free and clear of all Liens (as defined in the Asset Purchase Agreement of even date herewith between the Seller and Purchaser), and that Purchaser will acquire good and marketable title to the Purchased Assets, free and clear of all Liens.

IN WITNESS WHEREOF, the SELLER has executed and delivered this Bill of Sale as of this April __, 2016.

GORDON BROTHERS COMMERCIAL & INDUSTRIAL, LLC

By: _____
Name:
Title:

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## EXHIBIT B

### TRADEMARK ASSIGNMENT

WHEREAS, Gordon Brothers Commercial & Industrial, LLC, a Delaware limited liability company having a business address of Prudential Tower, 800 Boylston Street, 27th Floor, Boston, MA 02199 (the "ASSIGNOR"), owns and uses the registered trademarks (hereinafter "MARKS") listed on the attached Schedule of US and Canada Trademark Registrations;

WHEREAS, Lifetime Brands, Inc. a corporation organized and existing under the laws of Delaware and having a business address of 1000 Stewart Avenue, Garden City, NY 11530 (the "ASSIGNEE"), desires to acquire the MARKS, and past common law causes of action thereof;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, ASSIGNOR hereby assigns to ASSIGNEE all rights, title and interest in and to the MARKS, together with the goodwill of the business connected with the MARKS, and symbolized by the MARKS. ASSIGNOR further assigns to ASSIGNEE the right to sue for past common law causes of action.

ASSIGNOR

ASSIGNEE

Gordon Brothers Commercial & Industrial, LLC    Lifetime Brands, Inc.

Title: _____

Name: _____

Date: _____

Title: _____

Name: _____

Date: _____

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## Schedule of US and Canada Trademark Registrations

**U.S. Trademarks:**

| Trademark | Status | Serial No. | Reg. No. | Reg. Date |
|---|---|---|---|---|
| GOURMET | Live | 78674112 | 3216637 | 03/06/2007 |
| REGGAE | Live | 78226258 | 2810713 | 02/03/2004 |
| INSPIRATIONS | Live | 78092940 | 3720021 | 12/01/2009 |
| AMERICAN INSPIRATIONS | Live | 75515797 | 2373687 | 08/01/2000 |
| ELEGANT. YET, SO PRACTICAL. | Live | 75400286 | 2262372 | 07/20/1999 |
| WILTON ARMETALE | Live | 74341193 | 1897896 | 06/06/1995 |
| ARMETALE | Live | 73053546 | 1042092 | 06/29/1976 |
| COUNTRY FRENCH | Live | 73045525 | 1040944 | 06/08/1976 |
| RWP | Live | 73033001 | 1028569 | 12/30/1975 |
| ARMETALE | Live | 72304526 | 0883160 | 12/30/1969 |
| RWP | Live | 72304524 | 0884447 | 01/20/1970 |
| RWP | Live | 72304523 | 0867174 | 03/25/1969 |

**Canada Trademarks:**

| Trademark | Status | Serial No. | Reg. No. | Reg. Date |
|---|---|---|---|---|
| Misc Design (Swirls, Zigzag lines, border of circle) | Live | 1087714 | TMA582482 | 5/27/2003 |
| ARMETALE | Live | 0624287 | TMA372674 | 8/31/1990 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## EXHIBIT C

## DOMAIN NAME AND WEBSITE ASSIGNMENT

This Domain Name and Website Assignment, effective as of April ___, 2016 (the "Effective Date"), is between Gordon Brothers Commercial & Industrial, LLC, a Delaware limited liability company, and Gordon Brothers Group, LLC, a Massachusetts limited liability, each having a business address of Prudential Tower, 800 Boylston Street, 27th Floor, Boston, MA 02199 (together, the "Assignor"), and Lifetime Brands, Inc., a Delaware corporation with its principal place of business located at 1000  Stewart Avenue, Garden City, New York 11530 (the "Assignee").

WHEREAS, Gordon Brothers Commercial & Industrial, LLC and Assignee are parties to an Asset Purchase Agreement dated there date hereof; and

WHEREAS, Assignor has registered the following Internet domain names (the "Domain Names")

armatal.com
armetale.biz
armetale.com
armetale.net
armetale.org
armetale.us
wiltonarmetale.com
gourmetgrillware.com

and is the registered owner thereof;

WHEREAS, Assignor agrees to assign, transfer and sell Assignor's entire right, title and interest in and to the Domain Names to Assignee; and Assignee agrees to acquire Assignor's entire right, title, and interest in and to the Domain Names.

NOW, THEREFORE, for One Dollar ($1.00) and other fair and good consideration, Assignor, as of the Effective Date, hereby assigns, transfers and sells to Assignee, its successors, and assigns, Assignor's entire worldwide right, title and interest in and to the Domain Names, including, but not limited to, Assignor's right, title and interest in and to the following: the registrations of the Domain Names; any intellectual property rights attaching to such Domain Names; all of the goodwill associated with the Domain Names; all renewals and extensions of rights associated with the Domain Names; all income, royalties, damages, and payments now or hereafter due or payable with respect to the Domain Names; all causes of action (in law and/or equity) and the right to sue, counterclaim, and recover for past, present, and future infringement

or any other causes of action related to any Domain Name; and all rights corresponding thereto throughout the respective worldwide jurisdictions where Assignor holds rights in the Domain Names.

Upon the date first written above, Assignor shall provide Assignee with the identification code, password and relevant account information for each Domain Name registration with each applicable registrar. Assignor and Assignee agree that Assignee shall be responsible for the transfer of the Domain Names after the identification code, password and relevant account information for each Domain Name registration with each applicable registrar is provided by Assignor; provided, however, Assignor agrees to cause to be done, any and all acts necessary as may be reasonably requested from time to time by Assignee to effectuate the transfer of the Domain Names to Assignee. Assignor, as of the Effective Date, agrees to immediately cease using the Domain Names and further agrees, without further consideration, to cause to be performed such lawful acts and to execute such further documents regarding the rights assigned, transferred and sold herein, as reasonably requested by Assignee or its successors or assigns.

WHEREFORE, Assignor has duly executed this Domain Name Assignment on the date indicated below.


ASSIGNOR:

Gordon Brothers Commercial & Industrial, LLC


By _____
Name: _____
Title: _____



Gordon Brothers Group, LLC


By _____
Name: _____
Title: _____

## EXHIBIT D

## COPYRIGHT ASSIGNMENT

FOR GOOD AND VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Gordon Brothers Commercial & Industrial, LLC ("Assignor"), a limited liability company organized and existing under the laws of Massachusetts and having a business address of Prudential Tower, 800 Boylston Street, 27th Floor, Boston, MA 02199, hereby irrevocably transfers and assigns to Lifetime Brands, Inc., a Delaware corporation with its principal place of business located at 1000 Stewart Avenue, Garden City, New York 11530 ("Assignee), its successors and assigns, in perpetuity, all right (whether now known or hereinafter invented),all title, and interest, throughout the world, including any copyrights and renewals or extensions thereto, in all copyrights attached hereto and listed in Exhibit A.

IN WITNESS THEREOF, Assignor has duly executed this Agreement.

Gordon Brothers Commercial & Industrial, LLC

By: _____
Name: _____
Title: _____
Date: _____

### Exhibit A to Copyright Assignment

## Copyrights

| # | Full Title | Copyright Number | Date |
|---|---|---|---|
| [1] | Cape Henlopen mug - Ester Ann Ingram. | VA0000115328 | 1978 |
| [2] | Jonathan Young Windmill. | VAu000046113 | 1983 |
| [3] | Start a Fire. | SRu001191196 | 2014 |
| [4] | Wilton Armetale artesian road. | VA0001282150 | 2004 |
| [5] | Wilton Armetale artesian road. | VA0001282149 | 2004 |
| [6] | Wilton Armetale artesian road. | VA0001282151 | 2004 |
| [7] | Wilton Armetale Artesian Road | VA0001281852 | 2004 |
| [8] | Wilton armetale artesian road 2004 | VA0001278444 | 2004 |
| [9] | Wilton Armetale Artesian Road 2004. Add To Tracy Porter, Author Of Work Made For Hire. VA 1-278-444. | V3590D756 | 2010 |
| [10] | Wilton Armetale Artesian Road. VA 1-281-852. | V3590D756 | 2010 |
| [11] | Wilton Armetale Artesian Road, VA 1-282-149 | V3590D756 | 2010 |
| [12] | Wilton Armetale Artesian Road, VA 1-282-150. | V3590D756 | 2010 |
| [13] | Wilton Armetale Artesian Road, VA 1-282-151. | V3590D756 | 2010 |
| [14] | Wilton armetale jardiniere. | VA0001219572 | 2003 |
| [15] | Wilton armetale jardiniere. | VA0001219571 | 2003 |
| [16] | Wilton Armetale Jardiniere. VA 1-219-571. | V3590D756 | 2010 |
| [17] | Wilton Armetale Jardiniere. VA 1-219-572. | V3590D756 | 2010 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## SCHEDULE 1.1(a)

## INTELLECTUAL PROPERTY

**U.S. Trademarks:**

| Trademark | Status | Serial No. | Reg. No. | Reg. Date |
|-----------|--------|------------|----------|-----------|
| GOURMET | Live | 78674112 | 3216637 | 03/06/2007 |
| REGGAE | Live | 78226258 | 2810713 | 02/03/2004 |
| INSPIRATIONS | Live | 78092940 | 3720021 | 12/01/2009 |
| AMERICAN INSPIRATIONS | Live | 75515797 | 2373687 | 08/01/2000 |
| ELEGANT. YET, SO PRACTICAL. | Live | 75400286 | 2262372 | 07/20/1999 |
| WILTON ARMETALE | Live | 74341193 | 1897896 | 06/06/1995 |
| ARMETALE | Live | 73053546 | 1042092 | 06/29/1976 |
| COUNTRY FRENCH | Live | 73045525 | 1040944 | 06/08/1976 |
| RWP | Live | 73033001 | 1028569 | 12/30/1975 |
| ARMETALE | Live | 72304526 | 0883160 | 12/30/1969 |
| RWP | Live | 72304524 | 0884447 | 01/20/1970 |
| RWP | Live | 72304523 | 0867174 | 03/25/1969 |

**Canada Trademarks:**

| Trademark | Status | Serial No. | Reg. No. | Reg. Date |
|-----------|--------|------------|----------|-----------|
| Misc Design (Swirls, Zigzag lines, border of circle) | Live | 1087714 | TMA582482 | 5/27/2003 |
| ARMETALE | Live | 0624287 | TMA372674 | 8/31/1990 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

GB_001108

**Domain Names:**

armatal.com

armetale.biz

armetale.com

armetale.net

armetale.org

armetale.us

wiltonarmetale.com

gourmetgrillware.com

**Copyrights:**

| # | Full Title | Copyright Number | Date |
|---|---|---|---|
| [ 1 ] | Cape Henlopen mug - Ester Ann Ingram. | VA0000115328 | 1978 |
| [ 2 ] | Jonathan Young Windmill. | VAu000046113 | 1983 |
| [ 3 ] | Start a Fire. | SRu001191196 | 2014 |
| [ 4 ] | Wilton Armetale artesian road. | VA0001282150 | 2004 |
| [ 5 ] | Wilton Armetale artesian road. | VA0001282149 | 2004 |
| [ 6 ] | Wilton Armetale artesian road. | VA0001282151 | 2004 |
| [ 7 ] | Wilton Armetale Artesian Road. | VA0001281852 | 2004 |
| [ 8 ] | Wilton armetale artesian road 2004. | VA0001278444 | 2004 |
| [ 9 ] | Wilton Armetale Artesian Road 2004. Add Ti: Tracy Porter, Author Of Work Made For Hire. VA 1-278-444. | V3590D756 | 2010 |
| [ 10 ] | Wilton Armetale Artesian Road. VA 1-281-852. | V3590D756 | 2010 |
| [ 11 ] | Wilton Armetale Artesian Road. VA 1-282-149. | V3590D756 | 2010 |
| [ 12 ] | Wilton Armetale Artesian Road. VA 1-282-150. | V3590D756 | 2010 |
| [ 13 ] | Wilton Armetale Artesian Road. VA 1-282-151. | V3590D756 | 2010 |
| [ 14 ] | Wilton armetale jardiniere. | VA0001219572 | 2003 |
| [ 15 ] | Wilton armetale jardiniere. | VA0001219571 | 2003 |
| [ 16 ] | Wilton Armetale Jardiniere. VA 1-219-571. | V3590D756 | 2010 |
| [ 17 ] | Wilton Armetale Jardiniere. VA 1-219-572. | V3590D756 | 2010 |

**Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement**

## SCHEDULE 1.1(c)
## INVENTORY

| Row Labels | Category | Description | On-Hand | In-Transit | Total QTY | Cost | EXT Avail Cost |
|---|---|---|---|---|---|---|---|
| 201308 | Grillware | VEGETABLE GRILLER | 4,016 | | 4,016 | 9.53 | $ 38,272.48 |
| 201103 | Grillware | GRILL TRAY | 1,608 | | 1,608 | 12.53 | $ 20,148.24 |
| 201151 | Grillware | FOOTBALL GRILLER | 1,183 | | 1,183 | 14.49 | $ 17,141.67 |
| 350161 | Basic | GIANT CRAB CHIP & DIP | 910 | | 910 | 17.57 | $ 15,988.70 |
| 450000 | Basic | CRAB W/SHELL LG RD TRAY | 700 | | 700 | 16.93 | $ 11,851.00 |
| 272115 | Basic | FLUTES & PEARLS PITCHER | 518 | | 518 | 22.09 | $ 11,442.62 |
| 353094 | Basic | BELLE MONT CHIP & DIP | 555 | | 555 | 16.24 | $ 9,013.20 |
| 201055 | Grillware | PIG GRILLER | 558 | | 558 | 14.99 | $ 8,364.42 |
| 450010 | Basic | CRAB W/SHELL MD RD BOWL | 420 | | 420 | 16.73 | $ 7,026.60 |
| 284015 | Basic | LIGHTHOUSE CHIP & DIP | 368 | | 368 | 16.23 | $ 5,972.64 |
| 350040 | Basic | CRAB W/SHELL BREAD TRAY | 661 | | 661 | 8.42 | $ 5,565.62 |
| 272550 | Basic | FLUTES & PEARLS EGG TRAY | 435 | | 435 | 12.01 | $ 5,224.35 |
| 601003 | Basic | ALPHABET PLATE | 692 | | 692 | 7.54 | $ 5,217.68 |
| 373554 | Basic | ACANTHUS LG OVAL TRAY | 221 | | 221 | 23.20 | $ 5,127.20 |
| 272635 | Basic | FLUTES & PEARLS HEART DISH | 466 | | 466 | 10.85 | $ 5,056.10 |
| 272005 | Basic | FLUTES & PEARLS LG PASTA BOWL | 212 | | 212 | 22.79 | $ 4,831.48 |
| 272005 | Basic | FLUTES & PEARLS 5 PC MD SALAD | 235 | | 235 | 19.97 | $ 4,692.95 |
| 272101 | Basic | FLUTES & PEARLS MD RD TRAY | 330 | | 330 | 14.21 | $ 4,689.30 |
| 272004 | Basic | FLUTES & PEARLS MD OVAL BOWL | 302 | | 302 | 14.26 | $ 4,306.52 |
| 248701 | Basic | HEART DISH | 1,135 | | 1,135 | 3.24 | $ 3,677.40 |
| 201471 | Basic | PAELLA PAN | | 283 | 283 | 12.48 | $ 3,531.84 |
| 272194 | Basic | FLUTES & PEARLS SM CHIP & DIP | 1 | 254 | 255 | 13.22 | $ 3,371.10 |
| 8201060C | Serveware | DCI d REGGAE 3 PC MD BOWL SALA | 170 | | 170 | 19.77 | $ 3,360.90 |
| 8200160DC | Serveware | DCI d REGGAE LG RD BOWL TRAY | 167 | | 167 | 19.77 | $ 3,301.59 |
| 201075 | Grillware | GRIDDLE W/ HANDLES | 239 | | 239 | 13.40 | $ 3,202.60 |
| 289044 | Basic | SEA SHORE BREAD TRAY | 361 | | 361 | 8.42 | $ 3,039.62 |
| 272014 | Basic | FLUTES & PEARLS MD OVAL TRAY | 1 | 226 | 227 | 13.22 | $ 3,006.94 |
| 261165 | Basic | LOBSTER D V DED TRAY | 159 | | 159 | 17.87 | $ 2,841.33 |
| 201301 | Grillware | 8 QT DUTCH OVEN | 90 | | 90 | 29.53 | $ 2,657.70 |
| 442014 | Basic | SYMPHONY MID ROUND BASKET | 175 | | 175 | 14.18 | $ 2,481.50 |
| 272261 | Basic | FLUTES & PEARLS MEDIUM SQ TRAY | 187 | | 187 | 13.05 | $ 2,440.35 |
| 272017 | Basic | FLUTES & PEARLS LG 2PC C&D | 146 | | 146 | 15.40 | $ 2,248.40 |
| 189064 | Basic | TEXAS HANDLE TRAY | 119 | | 119 | 17.72 | $ 2,108.68 |
| 601004 | Basic | HEALTH PLATE | 323 | | 323 | 6.31 | $ 2,038.13 |
| 271325 | Basic | X BRIDAL LUGGAGE TAG | 943 | | 943 | 2.15 | $ 2,027.45 |
| 601012 | Basic | BLESS THIS HOUSE SM BRD TRAY | 327 | | 327 | 6.20 | $ 2,027.40 |
| 437144 | Basic | Fleur de Lis Bowl | 7 | 114 | 121 | 16.72 | $ 2,023.12 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

| Row Labels | Category | Description | On-Hand | In-Transit | Total QTY | Cost | EXT Amnt Cost |
|---|---|---|---|---|---|---|---|
| 291123 | Gridware | SAUCEPOT W/SPOUT | 310 | | 310 | 6.51 | $ 2,018.10 |
| 497014 | Basic | Fleur d'Lis Tray | 6 | 119 | 125 | 15.37 | $ 1,929.03 |
| 437834 | Basic | Fleur d'Lis Cheeseboard | 2 | 119 | 116 | 15.14 | $ 1,824.24 |
| 28-1124 | Basic | SEAHORSE SM TRAY | 200 | | 200 | 7.11 | $ 1,464.66 |
| 201301 | Gridware | PIZZA TRAY | 101 | | 101 | 13.45 | $ 1,358.45 |
| 272069 | Basic | FLUTES & PEARLS BUTTER DISH | 130 | | 130 | 9.54 | $ 1,240.20 |
| 272915 | Basic | FLUTES & PEARLS CHEESEBOARD W/ | | 116 | 116 | 10.50 | $ 1,218.00 |
| 691038 | Basic | GIVE US THIS DAY SM BREAD TRAY | 166 | | 166 | 6.15 | $ 1,020.90 |
| 437044 | Basic | Fleur d'Lis Bread Tray | 3 | 114 | 117 | 8.42 | $ 985.14 |
| 264095 | Basic | SHELL CHIP & DIP | 68 | | 68 | 13.73 | $ 936.41 |
| 631015 | Basic | A DINNER WBC | 152 | | 152 | 6.13 | $ 931.76 |
| 450074 | Basic | CRAB W/SHELL WBC | 135 | | 135 | 6.32 | $ 853.20 |
| 470036 | Basic | HARVEST SM RD BOWL | 100 | | 100 | 8.06 | $ 806.00 |
| 62056450 | Serveware | DC U REGGAE HNDL DIVIDED TRAY | 53 | | 53 | 14.20 | $ 752.60 |
| 201452 | Gridware | 2 QT DUTCH OVEN | 42 | | 42 | 16.53 | $ 694.26 |
| 455234 | Basic | BELLE MONT DEEP OVAL BOWL | | 48 | 48 | 13.41 | $ 643.68 |
| 27256450 | Serveware | DC U FLUTES & PEARLS HND DIV | 44 | | 44 | 14.20 | $ 624.80 |
| 410251 | Basic | PEAR BOWL | 34 | | 34 | 17.36 | $ 590.02 |
| 269041 | Basic | SEA SHORE TRIVET | 79 | | 79 | 7.38 | $ 583.02 |
| 470054 | Basic | HARVEST MED OVAL TRAY | 37 | | 37 | 15.72 | $ 581.64 |
| 169014 | Basic | STEER BOWL | 95 | | 95 | 6.00 | $ 570.00 |
| 263150 | Basic | 5 x 5 Plaque | 80 | | 80 | 6.75 | $ 540.00 |
| 201015 | Gridware | RECTANGULAR SKILLET | 59 | | 59 | 7.99 | $ 471.41 |
| 272184 | Basic | FLUTES & PEARLS MD RD BOWL | 29 | | 29 | 15.26 | $ 442.54 |
| 821011 | Basic | COWBOY BOOT PITCHER | 14 | | 14 | 29.15 | $ 408.10 |
| 272087 | Basic | FLUTES & PEARLS TRIVET | 68 | | 68 | 6.00 | $ 408.00 |
| 272009 | Basic | FLUTES AND PEARLS SET | 12 | | 12 | 33.72 | $ 404.64 |
| 216296 | Basic | GREEK KEY MEDIUM 3 PC SALAD | 15 | | 15 | 25.15 | $ 377.25 |
| 333096 | Basic | BELLE MONT MEDIUM OVAL TRAY | 1 | 23 | 24 | 15.37 | $ 368.88 |
| 395196 | Basic | Square 3 pc Salad Set | 14 | | 14 | 25.15 | $ 352.10 |
| 235104 | Basic | STARFISH LARGE ROUND TRAY | | 15 | 15 | 22.64 | $ 339.60 |
| 188331 | Basic | MONOGRAM 'F' OVAL TRAY | 22 | | 22 | 15.34 | $ 337.48 |
| 295004 | Basic | FISH SERVER | | 23 | 23 | 13.97 | $ 321.31 |
| 204005 | Gridware | FISH GRILLER | 23 | | 23 | 13.35 | $ 307.05 |
| 188374 | Basic | MONOGRAM 'N' OVAL TRAY | 20 | | 20 | 15.34 | $ 306.80 |
| 280014 | Basic | a PEBBLE SM RD TRAY | 22 | | 22 | 13.14 | $ 289.08 |
| 387297 | Basic | BELLE MONT LONG TRAY | | 19 | 19 | 14.80 | $ 281.20 |
| 357045 | Basic | STAFFORD RECT. TRAY | 1 | 18 | 19 | 14.79 | $ 281.01 |
| 284185 | Basic | SEA LIFE OVAL TRAY W/ HANDLES | 1 | 10 | 11 | 25.23 | $ 277.53 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

| Row Labels | Category | Description | On Hand | In Transit | Total QTY | Cost | EXT Avail Cost |
|---|---|---|---|---|---|---|---|
| 820245 | Basic | G REGGAL TUREEN W/LID & LADLE | 8 | | 8 | 34.00 | $ 272.00 |
| 395184 | Basic | SOLARO MEDIUM SQ TRAY | 14 | | 14 | 18.79 | $ 263.06 |
| 355058 | Basic | STAFFORD HANDLE TRAY | 1 | 12 | 13 | 20.07 | $ 260.91 |
| 470186 | Basic | HARVEST CHIP & DIP (2PC) | | 11 | 11 | 22.02 | $ 242.22 |
| 295099 | Basic | OYSTER SHELL CHIP AND DIP | | 17 | 17 | 14.00 | $ 238.00 |
| 385230 | Basic | BELLE MONT SMALL SQUARE BOWL | 6 | 21 | 27 | 8.76 | $ 236.52 |
| 355031 | Basic | Stafford Set | 7 | | 7 | 32.60 | $ 228.20 |
| 335074 | Basic | BELLE MONT WBC | 30 | | 30 | 7.48 | $ 224.40 |
| 395184 | Basic | SOLARO CHIP AND DIP | 17 | | 17 | 12.87 | $ 218.79 |
| 470024 | Basic | HARVEST MED RD BOWL | 12 | | 12 | 17.77 | $ 213.24 |
| 243059 | Basic | COASTAL HANDLE TRAY | | 13 | 13 | 15.62 | $ 203.06 |
| 395024 | Basic | BELLE MONT BREAD TRAY | 1 | 23 | 24 | 8.42 | $ 202.08 |
| 284205 | Basic | G SEA LIFE ROUND BOWL | 7 | | 7 | 28.73 | $ 201.11 |
| 201284 | Griddware | SQUARE BOWL | 13 | | 13 | 13.15 | $ 197.25 |
| 356195 | Basic | OYSTER BED LE PETIT | | 13 | 13 | 15.00 | $ 195.00 |
| 295021 | Basic | G SEA SHORE WBC | 30 | | 30 | 6.32 | $ 189.60 |
| 295184 | Basic | TURTLE CHIP AND DIP | | 10 | 10 | 18.64 | $ 186.40 |
| 2012330 | Griddware | G LG PASTA TRAY ONLY BOBBY J | 27 | | 27 | 6.75 | $ 182.25 |
| 470004 | Basic | HARVEST BREAD BASKET | | 13 | 13 | 14.01 | $ 182.13 |
| 197134 | Basic | MONOGRAM "A" BOWL | 10 | | 10 | 16.75 | $ 167.50 |
| 201045 | Griddware | SQ GRIDDLE W/HANDLE | 11 | | 11 | 14.85 | $ 163.35 |
| 385035 | Basic | BELLE MONT LG 2PC CHIP & DIP | 6 | | 6 | 25.64 | $ 153.84 |
| 443051 | Basic | G BOUCLE MEDIUM OVAL TRAY | 10 | | 10 | 15.37 | $ 153.70 |
| 198174 | Basic | MONOGRAM "R" OVAL TRAY | 10 | | 10 | 15.34 | $ 153.40 |
| 470001 | Basic | HARVEST SET | 6 | | 6 | 23.72 | $ 142.32 |
| 385101 | Basic | BELLE MONT LARGE RD TRAY | | 8 | 8 | 17.20 | $ 137.60 |
| 243109 | Basic | COASTAL MD BOWL | 6 | 2 | 8 | 16.97 | $ 135.79 |
| 272106 | Basic | FLUTES & PEARLS LONG NARROW TR | | 8 | 8 | 16.79 | $ 133.11 |
| 385009 | Basic | BELLE MONT MED RD TRAY | 8 | | 8 | 15.89 | $ 127.12 |
| 355099 | Basic | STAFFORD CHIP & DIP | | 8 | 8 | 15.38 | $ 123.04 |
| 198134 | Basic | MONOGRAM "I" OVAL TRAY | 8 | | 8 | 15.34 | $ 122.72 |
| SNOWMAN | Seasonals | SNOWMAN ORNAMENT | 30 | | 30 | 4.00 | $ 120.00 |
| 198134 | Basic | MONOGRAM "E" OVAL TRAY | 7 | | 7 | 15.34 | $ 107.38 |
| 280034 | Basic | G PEBBLE 2 PC CHIP & DIP | 4 | | 4 | 25.72 | $ 102.86 |
| 243043 | Basic | COASTAL 2PC CHIP & DIP | | 4 | 4 | 25.64 | $ 102.59 |
| 185041 | Basic | WESTERN BREAD TRAY | 1 | 11 | 12 | 8.41 | $ 100.92 |
| 201051 | Griddware | CHILI POT W/LID | 4 | | 4 | 23.59 | $ 94.36 |
| 430244 | Basic | APPLE BOWL | 6 | | 6 | 15.39 | $ 92.34 |
| 198034 | Basic | MONOGRAM "A" OVAL TRAY | 6 | | 6 | 15.34 | $ 92.04 |

| Store Labels | Category | Description | On Hand | In-Transit | Total QTY | Cost | EXT Avail Cost |
|---|---|---|---|---|---|---|---|
| 385084 | Basic | BELLE MONT TRIVET | 12 | | 12 | 7.49 | $ 89.88 |
| 284106 | Basic | SAND DOLLAR TRAY | 3 | 2 | 5 | 17.95 | $ 89.75 |
| 500512 | Basic | d MARLIN LICENSE PLT | 17 | | 17 | 5.25 | $ 89.25 |
| 158371 | Basic | MONOGRAM "L" OVAL TRAY | | 6 | 6 | 14.59 | $ 87.54 |
| 216435 | Basic | GREEK KEY LG WIDE OVAL PLATTER | 3 | | 3 | 28.80 | $ 86.40 |
| 189054 | Basic | WESTERN OVAL TRAY | 1 | 1 | 5 | 17.12 | $ 85.60 |
| 401005NA | Serveware | ALPHABET PLATES- NO ANTIQUE | 10 | | 10 | 8.24 | $ 82.50 |
| 263162 | Basic | 4 x 6 PLAQUE | 12 | | 12 | 6.75 | $ 81.00 |
| 215021 | Basic | GREEK KEY 2 PIECE CHIP AND DIP | 3 | | 3 | 25.72 | $ 77.16 |
| 350503 | Basic | SHELL SM SAUCE/HORS D'VRE | 5 | | 5 | 14.66 | $ 73.30 |
| 451070 | Basic | STEER CARVING BOARD | 3 | | 3 | 22.66 | $ 67.98 |
| 238524 | Basic | WINE LOVE AGE WBC | | 12 | 12 | 5.57 | $ 66.84 |
| 363254 | Basic | d WM & MARY LG RD BOWL | 2 | | 2 | 30.29 | $ 60.58 |
| 395094 | Basic | SQUARO LG RD TRAY | 4 | | 4 | 15.14 | $ 60.56 |
| 350204 | Basic | d SCALLOP HDL BUFFET TRAY | 2 | | 2 | 29.65 | $ 59.30 |
| 411236 | Basic | d VEGETABLE ROUND BOWL | 2 | | 2 | 27.98 | $ 55.96 |
| 410203 | Basic | d FRUIT ROUND BOWL | 2 | | 2 | 27.45 | $ 54.90 |
| 215284 | Basic | GREEK KEY MED BOWL | 3 | | 3 | 18.29 | $ 54.87 |
| 382264 | Basic | BELLE MONT HANDLED TRAY | 1 | 2 | 3 | 17.63 | $ 52.89 |
| 251501 | Basic | GRILLWARE SET | 3 | | 3 | 17.49 | $ 52.47 |
| 359011 | Basic | d STAFFORD LG CHIP & DIP | 2 | | 2 | 26.22 | $ 52.44 |
| 355149 | Basic | d STAFFORD LG BOWL | 2 | | 2 | 26.06 | $ 52.12 |
| 411051 | Basic | d VEGETABLE OVAL TRAY W/ HANDLE | 2 | | 2 | 24.48 | $ 48.96 |
| 448209 | Basic | d BOUCLE LG 3 PC SALAD SET | 2 | | 3 | 24.00 | $ 48.00 |
| 410051 | Basic | d FRUIT OVAL TRAY W/ HANDLES | 2 | | 2 | 23.82 | $ 47.64 |
| 360054 | Basic | d WM & MARY LG CHIP & DIP | 2 | | 2 | 23.52 | $ 47.04 |
| 400519 | Basic | d FISH SHAPE LICENSE PLT | 8 | | 8 | 5.25 | $ 42.00 |
| 400703 | Basic | d ALABAMA LICENSE PLT | 8 | | 8 | 5.25 | $ 42.00 |
| 251500 | Basic | GRILLWARE SAUTE PAN | | 5 | 5 | 8.30 | $ 41.50 |
| 280223 | Basic | d PEBBLE LG SQ BOWL | 2 | | 2 | 20.14 | $ 40.28 |
| 280534 | Basic | d PEBBLE RD CHEESE BOARD | 3 | | 3 | 13.14 | $ 39.42 |
| 356234 | Basic | SCALLOP HANDLE OVAL TRAY | | 2 | 2 | 18.96 | $ 37.92 |
| 467094 | Basic | d ENGLISH LACE LNG | 2 | | 2 | 18.95 | $ 37.90 |
| 443194 | Basic | d BOUCLE RD BOWL | 2 | | 2 | 18.33 | $ 36.66 |
| 272000 | Basic | d FLUTES & PEARLS LOW RD TRAY | 2 | | 2 | 17.75 | $ 35.50 |
| 424801 | Basic | d RUSTIC STAR FLAG DISH | 2 | | 2 | 17.47 | $ 34.94 |
| 450184 | Basic | d CRAB W/SHELL SQ TRAY | 2 | | 2 | 17.28 | $ 34.56 |
| 285004 | Basic | d SEA SHORE LG RD TRAY | 2 | | 2 | 16.93 | $ 33.86 |
| 467284 | Basic | d ENGLISH LACE MED BOWL | 2 | | 2 | 16.21 | $ 32.42 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

| Row Labels | Category | Description | On-Hand | In-Transit | Total QTY | Cost | EXT Avail Cost |
|---|---|---|---|---|---|---|---|
| 453150 | Basic | d BOULES EGG TRAY | 2 | | 2 | 16.14 | $ 32.28 |
| 159144 | Basic | WESTERN BOWL | | 1 | 1 | 15.98 | $ 31.96 |
| 350205 | Basic | d BELLE MONT LG 3PC SALAD SET | 1 | | 1 | 31.32 | $ 31.32 |
| 183151 | Basic | MONOGRAM 'H' OVAL TRAY | 2 | | 2 | 15.34 | $ 30.68 |
| 183314 | Basic | MONOGRAM 'G' OVAL TRAY | 2 | | 2 | 15.34 | $ 30.68 |
| 467048 | Basic | d ENGLISH LACE RECT. TRAY | 2 | | 2 | 15.00 | $ 30.00 |
| 360233 | Basic | d WM & MARY LG OVAL TRAY | 1 | | 1 | 29.57 | $ 29.57 |
| 187234 | Basic | MONOGRAM 'A' BREAD TRAY | 3 | | 3 | 9.68 | $ 29.04 |
| 114064 | Basic | 1 PLOUGH POLISH SALAD PLATE | | 4 | 4 | 6.70 | $ 26.80 |
| 351144 | Basic | d BELLE MONT LG BOWL | 1 | | 1 | 26.35 | $ 26.35 |
| 467211 | Basic | d ENGLISH LACE SM HANDLE BOWL | 2 | | 2 | 12.93 | $ 25.86 |
| 351151 | Basic | d STAFFORD 12" RD TRAY | 2 | | 2 | 12.39 | $ 24.78 |
| 333055 | Basic | c LOVE 5" CROSS | 2 | | 2 | 12.35 | $ 24.70 |
| 360318 | Basic | d WM & MARY SQ TRAY | 2 | | 2 | 11.56 | $ 23.56 |
| 159804 | Basic | c CLASSIC MD OVAL TRAY | 2 | | 2 | 11.81 | $ 23.62 |
| 111127 | Basic | d PLOUGH MATTE SM RD TRAY | 2 | | 2 | 11.79 | $ 23.58 |
| 201169 | Grillware | OVAL AU GRATIN | 3 | | 3 | 7.66 | $ 22.98 |
| 280205 | Basic | d PEBBLE SM BOWL | 2 | | 2 | 11.00 | $ 22.00 |
| 601002 | Basic | WATER GOBLET | 2 | | 2 | 10.79 | $ 21.58 |
| 333095 | Basic | c HOPE 8" CROSS | 2 | | 2 | 10.65 | $ 21.30 |
| 424890 | Basic | d RUSTIC SM BEAR DISH | 2 | | 2 | 10.53 | $ 21.06 |
| 272381 | Basic | FLUTES & PEARLS TRAY W/ HANDLE | 1 | | 1 | 20.05 | $ 20.05 |
| 424712 | Basic | STARS LG RD TRAY | 1 | | 1 | 18.47 | $ 18.47 |
| 471044 | Basic | d AMERICANA FLAG BREAD TRAY | 2 | | 2 | 9.16 | $ 18.32 |
| 201491 | Grillware | d LOAF PAN | 2 | | 2 | 9.26 | $ 17.72 |
| 385531 | Basic | BELLE MONT CHEESEBOARD | 1 | | 1 | 17.70 | $ 17.70 |
| 448591 | Basic | d BOUCLE RD TRAY W/ CHEESEBOARD | 1 | | 1 | 17.70 | $ 17.70 |
| 360251 | Basic | d WM & MARY MED OVAL TRAY | 1 | | 1 | 16.93 | $ 16.93 |
| 170043 | Basic | d HORSES BREAD TRAY | 2 | | 2 | 8.42 | $ 16.81 |
| 393034 | Basic | d FAITH HOPE & LOVE BREAD TRAY | 2 | | 2 | 8.42 | $ 16.81 |
| 334071 | Basic | d GRACE SM BREAD TRAY | 2 | | 2 | 8.42 | $ 16.81 |
| 334114 | Basic | d JOY SM BREAD TRAY | 2 | | 2 | 8.42 | $ 16.81 |
| 334117 | Basic | d FAITH SM BREAD TRAY | 2 | | 2 | 8.42 | $ 16.81 |
| 334211 | Basic | d LOVE SM BREAD TRAY | 2 | | 2 | 8.42 | $ 16.84 |
| 289017 | Basic | d SEA SHORE MD RD BOWL | 1 | | 1 | 16.73 | $ 16.73 |
| 333045 | Basic | c FAITH 7" CROSS | 2 | | 2 | 8.14 | $ 16.28 |
| TREE | Serveware | CHRISTMAS TREE ORNAMENT | 4 | | 4 | 4.00 | $ 16.00 |
| 201685 | Grillware | d JALEPENO TRAY | 2 | | 2 | 7.85 | $ 15.70 |
| 183351 | Basic | MONOGRAM 'W' OVAL TRAY | 1 | | 1 | 15.34 | $ 15.34 |

| Row Labels | Category | Description | On-Hand | In-Transit | Total QTY | Cost | EXT Avail Cost |
|---|---|---|---|---|---|---|---|
| 183051 | Basic | MONOGRAM 'B' OVAL TRAY | 1 | | 1 | 15.34 | $ 15.34 |
| 355185 | Basic | STAFFORD MED BOWL | 1 | | 1 | 15.23 | $ 15.23 |
| 272225 | Basic | FLUTES & PEARLS MD RD BOWL | 1 | | 1 | 14.85 | $ 14.85 |
| 413241 | Basic | d BOUCLE SM OVAL BOWL | 2 | | 2 | 7.36 | $ 14.72 |
| 214048 | Basic | GREEKERY SMALL RECT TRAY | 1 | | 1 | 14.59 | $ 14.59 |
| 360305 | Basic | d WM & MARY SM SQ BOWL | 1 | | 1 | 12.92 | $ 12.92 |
| 159125 | Basic | d CLASS C CRACKER TRAY | 2 | | 2 | 6.35 | $ 12.70 |
| 322945 | Basic | d CHRISTMAS + ALL CHEESE TRAY | 2 | | 2 | 5.79 | $ 11.58 |
| 450191 | Basic | CRAB W/SHELL SMALL CHIP & DIP | 1 | | 1 | 11.50 | $ 11.50 |
| 400518 | Basic | d DOWNHILL SKER LICENSE PLT | 2 | | 2 | 5.25 | $ 10.50 |
| 243011 | Basic | COASTAL BREAD TRAY | 1 | | 1 | 7.91 | $ 7.91 |
| 272075 | Basic | FLUTES & PEARLS WBC | 1 | | 1 | 7.88 | $ 7.88 |
| 272335 | Basic | FLUTES & PEARLS GOBLET | 1 | | 1 | 7.72 | $ 7.72 |
| 272935 | Basic | FLUTES & PEARLS SNACK BOWL | 1 | | 1 | 7.56 | $ 7.56 |
| 201035 | Grillware | d INDIV CROCK W/ HANDLES | 2 | | 2 | 3.73 | $ 7.46 |
| 165571 | Basic | d CLASS C GRAVY BOAT | 1 | | 1 | 7.14 | $ 7.14 |
| 272077 | Basic | FLUTES & PEARLS SM HANDLE BOWL | 1 | | 1 | 6.75 | $ 6.75 |
| 272677 | Basic | FLUTES & PEARLS 2QT RECT BAKER | 1 | | 1 | 6.75 | $ 6.75 |
| 421091 | Basic | PEAN JIT D SM | 1 | | 1 | 6.75 | $ 6.75 |
| 114061 | Basic | 1 PLOUGH MATTE SALAD PLATE | 1 | | 1 | 6.70 | $ 6.70 |
| 242261 | Basic | SEAFOOD MALLET | 2 | | 2 | 3.35 | $ 6.70 |
| 272347 | Basic | FLUTES & PEARLS REC BREAD TRAY | 1 | | 1 | 6.61 | $ 6.61 |
| 250147 | Basic | d SNOWFLAKE ORNAMENT 2015 | 2 | | 2 | 2.95 | $ 5.90 |
| 400520 | Basic | d JESUS LICENSE PLT | 1 | | 1 | 5.25 | $ 5.25 |
| 450025 | Basic | d REGGAE DIP BOWL | 1 | | 1 | 4.20 | $ 4.20 |
| 272023 | Basic | 1 FLUTES & PEARLS SM DIP BOWL | 1 | | 1 | 3.98 | $ 3.98 |
| | | | 21,627 | 1,704 | 23,331 | 11.87 | 277,022 |

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## EXHIBIT A

### BILL OF SALE

Gordon Brothers Commercial & Industrial, LLC, a Delaware limited liability company (the "Seller"), does hereby sell, transfer, assign and convey unto Lifetime Brands, Inc., a Delaware corporation, or its assignee (the "Purchaser"), the Purchased Assets (as defined in the Asset Purchase Agreement of even date herewith between the Seller and Purchaser).

The Seller represents and warrants that it has good and marketable title to the Purchased Assets, free and clear of all Liens (as defined in the Asset Purchase Agreement of even date herewith between the Seller and Purchaser), and that Purchaser will acquire good and marketable title to the Purchased Assets, free and clear of all Liens.

IN WITNESS WHEREOF, the SELLER has executed and delivered this Bill of Sale as of this April __, 2016.

GORDON BROTHERS COMMERCIAL & INDUSTRIAL, LLC

By: _____

Name: _Jim Lightbody_

Title: _Managing Director_

## EXHIBIT B

## TRADEMARK ASSIGNMENT

WHEREAS, Gordon Brothers Commercial & Industrial, LLC, a Delaware limited

liability company having a business address of Prudential Tower, 800 Boylston Street, 27th

Floor, Boston, MA 02199 (the "ASSIGNOR"), owns and uses the registered trademarks

(hereinafter "MARKS") listed on the attached Schedule of US and Canada Trademark

Registrations;

WHEREAS, Lifetime Brands, Inc. a corporation organized and existing under the laws of

Delaware and having a business address of 1000 Stewart Avenue, Garden City, NY 11530 (the

"ASSIGNEE"), desires to acquire the MARKS, and past common law causes of action thereof;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby

acknowledged, ASSIGNOR hereby assigns to ASSIGNEE all rights, title and interest in and to

the MARKS, together with the goodwill of the business connected with the MARKS, and

symbolized by the MARKS. ASSIGNOR further assigns to ASSIGNEE the right to sue for past

common law causes of action.

ASSIGNOR                                         ASSIGNEE

Gordon Brothers Commercial & Industrial, LLC     Lifetime Brands, Inc.

Title: _Managing Director_                       Title: _____
Name: _Jon Loftsgan_                             Name: _____

Date: _4-1-2016_                                 Date: _____

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## TRADEMARK ASSIGNMENT

WHEREAS, Gordon Brothers Commercial & Industrial, LLC, a Delaware limited

liability company having a business address of Prudential Tower. 800 Boylston Street, 27th

Floor. Boston, MA 02199 (the "ASSIGNOR"), owns and uses the registered trademarks

(hereinafter "MARKS") listed on the attached Schedule of US and Canada Trademark

Registrations;

WHEREAS, Lifetime Brands, Inc. a corporation organized and existing under the laws of

Delaware and having a business address of 1000 Stewart Avenue, Garden City, NY 11530 (the

"ASSIGNEE"), desires to acquire the MARKS, and past common law causes of action thereof;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby

acknowledged, ASSIGNOR hereby assigns to ASSIGNEE all rights, title and interest in and to

the MARKS, together with the goodwill of the business connected with the MARKS, and

symbolized by the MARKS. ASSIGNOR further assigns to ASSIGNEE the right to sue for past

common law causes of action.

ASSIGNOR                                    ASSIGNEE

Gordon Brothers Commercial & Industrial, LLC    Lifetime Brands, Inc.

Title: _____              Title: _____
Name: _____              Name: _____

Date: _____              Date: _____

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

## Schedule of US and Canada Trademark Registrations

**U.S. Trademarks:**

| Trademark | Status | Serial No. | Reg. No. | Reg. Date |
|---|---|---|---|---|
| GOURMET | Live | 78674112 | 3216637 | 03/06/2007 |
| REGGAE | Live | 78226258 | 2810713 | 02/03/2004 |
| INSPIRATIONS | Live | 78092940 | 3720021 | 12/01/2009 |
| AMERICAN INSPIRATIONS | Live | 75515797 | 2373687 | 08/01/2000 |
| ELEGANT. YET, SO PRACTICAL. | Live | 75400286 | 2262372 | 07/20/1999 |
| WILTON ARMETALE | Live | 74341193 | 1897896 | 06/06/1995 |
| ARMETALE | Live | 73053546 | 1042092 | 06/29/1976 |
| COUNTRY FRENCH | Live | 73045525 | 1040944 | 06/08/1976 |
| RWP | Live | 73033001 | 1028569 | 12/30/1975 |
| ARMETALE | Live | 72304526 | 0883160 | 12/30/1969 |
| RWP | Live | 72304524 | 0884447 | 01/20/1970 |
| RWP | Live | 72304523 | 0867174 | 03/25/1969 |

**Canada Trademarks:**

| Trademark | Status | Serial No. | Reg. No. | Reg. Date |
|---|---|---|---|---|
| Misc Design (Swirls, Zigzag lines, border of circle) | Live | 1087714 | TMA582482 | 5/27/2003 |
| ARMETALE | Live | 0624287 | TMA372674 | 8/31/1990 |

GB_001118

## EXHIBIT C

## DOMAIN NAME AND WEBSITE ASSIGNMENT

This Domain Name and Website Assignment, effective as of April ___, 2016 (the "Effective Date"), is between Gordon Brothers Commercial & Industrial, LLC, a Delaware limited liability company, and Gordon Brothers Group, LLC, a Massachusetts limited liability, each having a business address of Prudential Tower, 800 Boylston Street, 27th Floor, Boston, MA 02199 (together, the "Assignor"), and Lifetime Brands, Inc., a Delaware corporation with its principal place of business located at 1000  Stewart Avenue, Garden City, New York 11530 (the "Assignee").

WHEREAS, Gordon Brothers Commercial & Industrial, LLC and Assignee are parties to an Asset Purchase Agreement dated there date hereof; and

WHEREAS, Assignor has registered the following Internet domain names (the "Domain Names")

armatal.com
armetale.biz
armetale.com
armetale.net
armetale.org
armetale.us
wiltonarmetale.com
gourmetgrillware.com

and is the registered owner thereof;

WHEREAS, Assignor agrees to assign, transfer and sell Assignor's entire right, title and interest in and to the Domain Names to Assignee; and Assignee agrees to acquire Assignor's entire right, title, and interest in and to the Domain Names.

NOW, THEREFORE, for One Dollar ($1.00) and other fair and good consideration, Assignor, as of the Effective Date, hereby assigns, transfers and sells to Assignee, its successors, and assigns, Assignor's entire worldwide right, title and interest in and to the Domain Names, including, but not limited to, Assignor's right, title and interest in and to the following: the registrations of the Domain Names; any intellectual property rights attaching to such Domain Names; all of the goodwill associated with the Domain Names; all renewals and extensions of rights associated with the Domain Names; all income, royalties, damages, and payments now or hereafter due or payable with respect to the Domain Names; all causes of action (in law and/or equity) and the right to sue, counterclaim, and recover for past, present, and future infringement

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement

or any other causes of action related to any Domain Name; and all rights corresponding thereto throughout the respective worldwide jurisdictions where Assignor holds rights in the Domain Names.

Upon the date first written above, Assignor shall provide Assignee with the identification code, password and relevant account information for each Domain Name registration with each applicable registrar. Assignor and Assignee agree that Assignee shall be responsible for the transfer of the Domain Names after the identification code, password and relevant account information for each Domain Name registration with each applicable registrar is provided by Assignor; provided, however, Assignor agrees to cause to be done, any and all acts necessary as may be reasonably requested from time to time by Assignee to effectuate the transfer of the Domain Names to Assignee. Assignor, as of the Effective Date, agrees to immediately cease using the Domain Names and further agrees, without further consideration, to cause to be performed such lawful acts and to execute such further documents regarding the rights assigned, transferred and sold herein, as reasonably requested by Assignee or its successors or assigns.

WHEREFORE, Assignor has duly executed this Domain Name Assignment on the date indicated below.

ASSIGNOR:

Gordon Brothers Commercial & Industrial, LLC

By _____
Name: _Jim Lightbun_
Title: _Managing Director_

Gordon Brothers Group, LLC

By _____
Name: _Jim Lightbun_
Title: _Managing Director_

## EXHIBIT D

## COPYRIGHT ASSIGNMENT

FOR GOOD AND VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Gordon Brothers Commercial & Industrial, LLC ("Assignor"), a limited liability company organized and existing under the laws of Massachusetts and having a business address of Prudential Tower, 800 Boylston Street, 27th Floor, Boston, MA 02199, hereby irrevocably transfers and assigns to Lifetime Brands, Inc., a Delaware corporation with its principal place of business located at 1000 Stewart Avenue, Garden City, New York 11530 ("Assignee), its successors and assigns, in perpetuity, all right (whether now known or hereinafter invented),all title, and interest, throughout the world, including any copyrights and renewals or extensions thereto, in all copyrights attached hereto and listed in Exhibit A.

IN WITNESS THEREOF, Assignor has duly executed this Agreement.

Gordon Brothers Commercial & Industrial, LLC

By: _____
Name: _____
Title: _____
Date: _4·/·2016_

## Exhibit A to Copyright Assignment

### Copyrights

| # | Full Title | Copyright Number | Date |
|---|---|---|---|
| | Cape Henlopen mug / Ester Ann Ingram. | VA0000115328 | 1978 |
| | Jonathan Young Windmill. | VAu000046113 | 1983 |
| | Start a Fire. | SRu001191196 | 2014 |
| | Wilton Armetale artesian road. | VA0001282150 | 2004 |
| | Wilton Armetale artesian road. | VA0001282149 | 2004 |
| [6] | Wilton Armetale artesian road. | VA0001282151 | 2004 |
| | Wilton Armetale Artesian Road. | VA0001281852 | 2004 |
| | Wilton armetale artesian road 2004 | VA0001278444 | 2004 |
| | Wilton Armetale Artesian Road 2004. Add Ti: Tracy Porter, Author Of Work Made For Hire. VA 1-278-444. | V3590D756 | 2010 |
| [10] | Wilton Armetale Artesian Road. VA 1-281-852. | V3590D756 | 2010 |
| [11] | Wilton Armetale Artesian Road. VA 1-282-149. | V3590D756 | 2010 |
| [12] | Wilton Armetale Artesian Road. VA 1-282-150. | V3590D756 | 2010 |
| [13] | Wilton Armetale Artesian Road. VA 1-282-151. | V3590D756 | 2010 |
| [14] | Wilton armetale jardiniere. | VA0001219572 | 2003 |
| [15] | Wilton armetale jardiniere. | VA0001219571 | 2003 |
| [16] | Wilton Armetale Jardiniere. VA 1-219-571. | V3590D756 | 2010 |
| | Wilton Armetale Jardiniere. VA 1-219-572. | V3590D756 | 2010 |

# EXHIBIT G-10

## *Wilton Armetale*

| | Actuals |
|---|---|
| **Revenue:** | |
| Revenue (Inventory) | $ 666,263 |
| Revenue (Retail Store) | $ 78,014 |
| Revenue (A/R) | $ 317,266 |
| Revenue (Brand/IP) | $ 350,000 |
| Revenue (FF&E) | $ 24,520 |
| **Total Revenue** | $ 1,436,063 |
| | |
| Purchase Price | $ 725,000 |
| **Total Purchase Price** | $ 725,000 |
| **Gross Profit** | $ 711,063 |
| | |
| **Occupancy & Related:** | |
| Freight in/Out | $ 5,643 |
| Inventory Purchases | $ 65,000 |
| Refunds | $ 150 |
| Utilities | $ 880 |
| IT Expenses | $ 1,577 |
| R&M | $ 1,261 |
| Misc. and Contingency Expense | $ 134 |
| Payroll | $ 96,519 |
| Retail Store Sale Expenses | $ 675 |
| Employee Bonuses | $ 4,920 |
| Temps | $ 854 |
| **Total Occupancy & Related Expenses** | $ 177,613 |
| | |
| **Corporate & Misc.:** | |
| Professional Fees/Legal | $ 36,137 |
| Travel | $ 17,619 |
| Due Diligence | $ - |
| AR Collection Fee | $ 12,583 |
| Bank Fees | $ 9,316 |
| Cost of Capital | $ - |
| **Total Corp/Misc Expenses** | $ 75,656 |
| **Total Expenses** | $ 253,269 |
| **GBCI Profit** | $ 457,794 |

1) The above P&L Statement does not take corporate
operational expenses into consideration such as GB employee
time, cost of capital, and corporate banking fees.

Confidential—Subject To December 19, 2016
Limited Use/Non-Disclosure Agreement