**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 7** |
| **Ivan L. Jeffery,** | : | |
| | : | **Case No. 16-15037 (REF)** |
| Debtor. | : | |
| | : | |
| **Artesanias Hacienda Real S.A. de C.V.,** | : | |
| | : | |
| Plaintiff, | : | **Adv. No. 17-0028 (JKF)** |
| | : | |
| v. | : | |
| | : | |
| **Ivan Jeffery,** | : | |
| | : | |
| Defendant. | : | |

# <u>OPINION</u>

BY:  **JEAN K. FITZSIMON
      United States Bankruptcy Judge**

Artesanias Hacienda Real S.A. de C.V. ("Plaintiff") commenced this adversary

proceeding by filing a five count complaint ("Complaint") against defendant, Ivan Jeffery

("Debtor").[1]  Plaintiff moves for summary judgment solely on Count IV of the Complaint.

Count IV seeks to have Debtor's bankruptcy case dismissed based on

§ 521(e)(2)(C) of the Bankruptcy Code. This provision of the Code provides for the

mandatory dismissal of a bankruptcy case when: (i) a debtor is obligated to provide a

---

[1] All counts of the Complaint, except for Count IV, involve challenges to the Debtor's discharge. Counts I,
II and III seek to have Debtor denied a discharge under § 727(a)(4)(A), § 727(a)(2)(A) & (B), and
§ 727(a)(3), respectively.  Count V seeks to have Debtor's debt to Plaintiff excepted from discharge under
§ 523(a)(6).  Significantly, these claims constitute adversary proceedings under Fed. R. Bankr. P. 7001(4)
& (6).

copy of a Federal income tax return to a creditor pursuant to § 521(e)(2)(A)(ii); (ii) the debtor fails to do so; and (iii) the debtor does not demonstrate that his or her failure to provide a copy of the tax return was due to circumstances beyond his or her control.  In its motion for summary judgment ("Motion"),[2] Plaintiff contends that Debtor's bankruptcy case must be dismissed because Debtor failed to timely provide it with a copy of his 2015 tax return and cannot demonstrate that his failure to do so was beyond his control.

At a pretrial status hearing on the matter, I raised the issue of whether it was proper procedure to request a dismissal pursuant to § 521(e)(2)(C) as a claim in an adversary proceeding rather than by filing a motion to dismiss in a debtor's bankruptcy case.  Based on the Federal Rules of Bankruptcy Procedure, it is indisputable that Plaintiff's request for dismissal under § 521(e)(2)(C) should have been made by filing a motion.  However, the parties' § 521(e)(2)(C) dispute is squarely before me and no party in interest will be prejudiced by my ruling on it so I elect to do so.  To do otherwise at this juncture would be an inefficient use of judicial resources and a senseless exercise that would result in yet more legal fees being incurred.

Upon consideration, Plaintiff's Motion shall be denied.  The material facts are not in dispute and Plaintiff is not, as a matter of law, entitled to a dismissal under § 521(e)(2)(C).  I shall also utilize my discretion and *sua sponte* grant summary judgment in favor of the Debtor.

---

[2] Plaintiff's Motion is titled "Motion of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. for Summary Judgment on Count 4 of its Complaint Pursuant to 11 U.S.C. §§ 521(e)(2)(C) and 704 of the Bankruptcy Code and Rule 7056 of the Federal Rules of Civil Procedure for Dismissal 'With Prejudice' of Debtor Ivan Jeffery's Bankruptcy Case."  (Adversary Proceeding Docket #33).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2016, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  (Complaint ¶ 5, Adversary Proceeding ("AP") Docket #1).  On Schedule D, Debtor listed only one secured creditor, namely Morgan Stanley Bank, N.A., with a claim in the amount of $274,633.41.[3] (Bankruptcy Case No. 16-15037 ("BC") Docket #1). On Schedule E/F, Debtor listed four unsecured creditors.  (Id.).  Only three of these creditors filed proofs of claim: (i) Plaintiff: (ii) LEPCO; and (iii) North Mill Capital, LLC.  See BC, Claims Register.  On January 31, 2017, North Mill Capital filed a praecipe to withdraw its proof of claim.  (Id. Docket #124).  Accordingly, Plaintiff and LEPCO are the only unsecured creditors with pending proofs of claim.  Plaintiff filed a proof of claim for $923,457.87 based on a judgment which Plaintiff obtained against Debtor on April 29, 2016.  (Complaint ¶¶ 1-2, 7; Proof of Claim 3-1).  LEPCO filed a proof of claim for $87,558.37 based on a guaranty of a lease.  (Proof of Claim 1-2). Both parties agree that LEPCO's claim was "satisfied from proceeds of real estate at 67 Cedar Common Lane, Birdsboro Pennsylvania in which debtor Jeffrey had an interest." (Motion ¶ 7).[4]

---

[3] Pursuant to Federal Rule of Evidence 201, this Court takes judicial notice of the events on the docket and the documents, including proofs of claim, filed in Debtor's bankruptcy case. World Business Lenders, LLC v. Barry (In re Barry), 559 B.R. 654, 658 (Bankr. M.D. Pa. 2016) (observing that "[i]tems that may be judicially noticed include the docket, claims register, and documents from a bankruptcy case which cannot be reasonably questioned.").

[4]  Debtor admitted this allegation in ¶ 7 of the Motion in his response ("Response") to the Motion.  (See Defendant's Response to Motion of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. for Summary Judgment on Count 4 of its Complaint Pursuant to 11 U.S.C. §§ 521(e)(2)(C) and 704 of the Bankruptcy Code and Rule 7056 of the Federal Rules of Civil Procedure for Dismissal 'With Prejudice' of Debtor Ivan Jeffery's Bankruptcy Case ¶ 7, AP Docket #34).

When Debtor filed his bankruptcy case, it was assigned to the Honorable Richard E. Fehling ("Bankruptcy Judge").  On July 18, 2016, Lynn Feldman was appointed as the Chapter 7 Trustee in the bankruptcy case.  (Bankruptcy Case No. 16-15037 ("BC") Docket #7).

On July 31, 2016, notice was sent to, *inter alia*, Plaintiff's counsel by first class mail notifying him that the first meeting of creditors was scheduled for August 22, 2016.  (BC Docket #16).  At the first meeting of creditors, Debtor "testified that his 2015 tax returns were on extension and had not been filed[.]"  (Complaint ¶ 83).[5]

Thereafter, Plaintiff "made repeated demands in writing" for a copy of Debtor's 2015 income tax returns.  (Id. ¶ 84).[6]  In particular, Plaintiff sent an email to Debtor's counsel on November 22, 2016, demanding a copy of the 2015 tax returns.  (Id.).

On December 5, 2016, a continued § 341 meeting of creditors was held.  (BC Docket #88).  Debtor did not provide Plaintiff with a copy of his 2015 Federal income tax return prior to that date.  (Complaint ¶ 86).[7]  However, at the meeting of creditors on December 5th, Debtor impliedly admitted that his 2015 Federal income tax return had been filed by testifying about the return.  (Id. ¶ 85).[8]

On January 19, 2017, Plaintiff commenced the instant adversary proceeding by filing its Complaint.  (AP Docket #1).  In the Complaint, Plaintiff stated: "This Complaint

---

[5] Debtor admitted the allegations in ¶ 83 of the Complaint.  (See Debtor's Answer to Complaint of Artesanias Hacienda Real S.A. De C.V. to Deny Debtor Discharge and Dismiss Bankruptcy Case ("Answer") ¶ 83 (AP Docket #19)).

[6] Debtor admitted the allegations in ¶ 84 of the Complaint.  (See Answer ¶ 84).

[7] Debtor admitted the allegation in ¶ 86 of the Complaint.  (See Answer ¶ 86).

[8] Debtor admitted the allegation in ¶ 85 of the Complaint.  (See Answer ¶ 85).

seeks denial of discharge of Defendant Debtor Jeffery's debts pursuant to (among other

things) 11 U.S.C. §§ 727(a)(2), (3) & (4) or in the alternative denial of discharge under

§ 523(a)(6) or *alternatively dismissal of his bankruptcy case pursuant to 11 U.S.C.*

*§ 521(e).*" (Complaint ¶ 9) (emphasis added).  In response to the Complaint, Debtor

filed a motion to dismiss Counts II through V of the Complaint.  (AP Docket #4).

On March 24, 2017, the Bankruptcy Judge held a hearing on Debtor's

motion to dismiss.  During the hearing, the Bankruptcy Judge advised Plaintiff's

counsel three times that debtor's bankruptcy case was not going to be dismissed.

See Transcript, March 24, 2017, at 3-4, 25-26. At the close of the hearing, the

Bankruptcy Judge took Debtor's motion to dismiss under advisement.  On April 4,

2017, the Bankruptcy Judge issued an Order denying the motion.  (AP Docket

#15).

On May 2, 2016, Debtor filed his Answer to the Complaint.  (AP Docket #19).  A

preliminary pretrial conference was subsequently held.  Approximately four days later,

the Bankruptcy Judge issued an Order recusing himself from the instant adversary

proceeding for reasons that are irrelevant to the disposition herein.  (AP Docket #27).

Importantly, the Bankruptcy Judge did not recuse himself from Debtor's bankruptcy

case.  (Id.).  The adversary proceeding was reassigned from the Bankruptcy Judge to

the undersigned judge.

On September 28, 2017, Plaintiff filed its Motion and supporting memorandum of

law on Count IV of the Complaint. (AP Docket #33).  Although Count IV of the

Complaint asserts that Debtor's bankruptcy case should be dismissed solely on one

ground, namely Debtor's "failure and refusal to deliver his tax returns" to Plaintiff (see

Complaint ¶¶ 81-87), Plaintiff inexplicably includes factual allegations and legal

assertions in its Motion asserting that Debtor's bankruptcy case should be dismissed on

the following additional grounds ("Additional Grounds"):

> (i) the Chapter 7 Trustee has failed to share
> information, documents and accountings/reports with Plaintiff
> as the Trustee is obligated to do under Bankruptcy Code
> § 704(a)(7);[9]

> (ii) the Chapter 7 Trustee has failed to "close [the]
> estate as expeditiously as is compatible with the best
> interests of the parties in interest" as required by § 704(a)(1);
> and

> () the Chapter 7 Trustee's continued administration of
> the Debtor's estate "serves little or no purpose" other than
> increasing the fees that will have to be paid to the Chapter 7
> Trustee and her counsel from estate assets, since Plaintiff
> "has for many months been and is [the] sole remaining
> creditor" of Debtor's bankruptcy estate.[10]

---

[9] Section 704 lists the duties of Chapter 7 trustees.  There is no provision in § 704 for dismissing a
bankruptcy case because a trustee fails to comply with a duty or duties listed in § 704(a).  However,
§ 324(a) provides that "the court, after notice and hearing, may remove a trustee" for "cause."  A request
for the removal of a trustee must be brought by motion as a contested matter. Jefferson v. Mississippi
Gulf Coast YMCA, Inc., 73 B.R. 179, 182 (S.D. Miss. 1986) (observing that the proper procedure for
seeking the removal of a Chapter 7 trustee is by motion and not by adversary proceeding); see also 3
Collier on Bankruptcy ¶ 324.03 (16th ed.) (same).

[10] The Chapter 7 Trustee admits that Plaintiff is the "only remaining unsecured creditor" in the case but
asserts that it is not the "only creditor[.]" (Response of Lynn E. Feldman, Esquire, Chapter 7 Trustee, to
the Motion of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. for Summary Judgment
¶ 63, AP Docket #37).  The Chapter 7 Trustee further explains her admission, stating:  "Plaintiff was not
always the only unsecured creditor in the case.  Plaintiff now holds the position of the only unsecured
creditor because the Trustee – through work that Plaintiff maligns and of which Plaintiff complains about
the cost – was able to satisfy or dispose of the other unsecured claims in this case, much to Plaintiff's
benefit." (Id. ¶ 63 n.3).

Importantly, a bankruptcy court has discretion to dismiss a bankruptcy case at any time under § 305(a)(1)
if "the interests of creditors and the debtor would be better served by such dismissal[.]"  11 U.S.C.
§ 305(a)(1).  However, the question is not simply whether the interest of the creditors would be better
served by a dismissal.  The debtor's interest would also have to be better served by the dismissal. See
e.g., In re Mercural, 2017 WL 6001682, at *4 (Bankr. N.D. Iowa Dec. 1, 2017) (ruling that "[a]lthough this
is largely a two-party dispute, dismissal is not in the best interests of both the [creditor] and Debtor.");
Marker v. Marker (In re Marker), 133 B.R. 340, 344-45 (Bankr. W.D. Pa. 1991) (emphasis in original)
(observing that "the primary consideration in determining whether dismissal pursuant to 11 U.S.C.

(Motion ¶¶ 34-47, AP Docket #33).

On October 12, 2017, Debtor filed his Response to the Motion and a supporting memorandum of law. (AP Docket #34 & #35).  In the Response, Debtor admits that his 2015 Federal Tax return was on extension when the First Meeting of Creditors was held.[11] (Response ¶ 22).  In his supporting memorandum of law (Debtor's "Supporting Memorandum"),[12] Debtor argues that he did not have an obligation to give Plaintiff a copy of his 2015 tax return under § 521(e)(2)(A)(ii) because Plaintiff did not request a copy of the return until *after* he had already given it to the Trustee and, therefore, his bankruptcy case cannot be dismissed under § 521(e)(2)(C). (Debtor's Supporting Memorandum at 4-5, AP Docket #35).  As this Court's discussion below will show, Debtor misconstrues the requirements of § 521(e)(2)(A)(ii) but, nevertheless, correctly concludes that he was not obligated to give Plaintiff a copy of his 2015 tax return under that provision.

---

§ 305(a)(1) is appropriate is whether it would serve the best interest of *both* the creditors *and* the debtor to do so.").  Dismissal of a bankruptcy case pursuant to § 305 is governed by Fed. R. Bankr. P. 9014, which means that a request for dismissal under § 305 must be made by filing a motion in the bankruptcy case.  See Fed. R. Civ. P. 1019(f).

[11] In his Response, Debtor further alleges that, on October 20, 2016, after his 2015 Federal tax return was filed, he provided a copy of it to the Trustee.  In support of this allegation, Debtor attached a copy of the email message that his counsel sent to the Chapter 7 Trustee with his 2015 Federal tax return. (Response, Exhibit "A", AP Docket #34). Plaintiff objects to the Court's consideration of the email because it is an "unverified document." (Plaintiff's Reply at 2-4, AP Docket #36).  In ruling on the Motion, the Court is not considering the aforementioned allegation regarding delivery of Debtor's 2015 tax return or his counsel's email.

[12] Debtor's Supporting Memorandum of law is titled: "Defendant's Memorandum of Law Contra to Motion of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. for Summary Judgment on Count 4 of its Complaint Pursuant to 11 U.S.C. §§ 521(e)(2)(C) and 704 of the Bankruptcy Code and Rule 7056 of the Federal Rules of Bankruptcy Procedure for Dismissal 'With Prejudice' of Debtor Ivan Jeffery's Bankruptcy Case."

Thereafter, Plaintiff filed a reply memorandum ("Reply") to Debtor's Response.[13]

(AP Docket #36).  In the Reply, Plaintiff asserts that Debtor's "strained" construction of

§ 521(e)(2) would "eviscerate the very purpose" of the provision which Plaintiff contends

is to "to provide the debtor's most recent tax return to creditors prior to the debtor's 341

meeting."  (Reply at 5, AP Docket #36).  Plaintiff's interpretation of § 521(e) is skewed in

its favor and wholly ignores pertinent language in the provision that is unfavorable to it.

Plaintiff also argues in its Reply that, by failing to address the Additional Grounds which

it asserts for dismissal, Debtor impliedly concedes to them.[14]  (Id. at 2, 6-7).

On October 20, 2017, the Chapter 7 Trustee filed a response ("Trustee's

Response") to the Motion.[15] (AP Docket #37).  In the response, the Chapter 7 Trustee

addressed: (i) the propriety of filing a request for dismissal based on § 521(e)(2)(C) as a

claim in an adversary proceeding rather than as a motion in a bankruptcy case; and

(ii) the merits of the Additional Grounds. (Trustee's Response ¶¶ 21-31 & ¶¶ 32-83, AP

---

[13]  The Reply is titled: "Reply Memorandum of Law of Plaintiff/Judgment Creditor Artesanias Hacienda
Real S.A. de C.V. (i) in Further Support of its Motion for Summary Judgment on Count 4 of its Complaint
Pursuant to 11 U.S.C. §§ 521(e)(2)(C) and 704 of the Bankruptcy Code and Rule 7056 of the Federal
Rules of Bankruptcy Procedure; and (ii) Objecting to Debtor Jeffery's Unsworn, Unverified and
Inadmissible Attachment to his 'Response to Motion.'"

[14]  In the Reply, Plaintiff declares: "Debtor Jeffery does not oppose, but rather has completely ignored
(and so implicitly concedes), that portion of sole creditor Artesanias' moving papers wherein Artesanias
seeks dismissal of this bankruptcy case pursuant to 11 U.S.C. § 704(a)(1) and (7) in light of Trustee's
refusal to share any requested information and documents with Artesanias; the extraordinarily high billing
rates and fee charges of the Trustee's counsel for a single creditor Chapter 7 of this kind; and the
resulting appearance that this bankruptcy estate is being run for the benefit of and to enrich the Trustee's
counsel, not for any party in interest."  (Reply at 6, AP Docket #36).

[15] The Trustee's Response is titled "Response of Lynn E. Feldman, Esquire, Chapter 7 Trustee to the
Motion of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. for Summary Judgment on
Count 4 of its Complaint Pursuant to 11 U.S.C. §§ 521(e)(2)(C) and 704 of the Bankruptcy Code and Rule
7056 of the Federal Rules of Bankruptcy Procedure for Dismissal 'With Prejudice' of Debtor Ivan Jeffery's
Bankruptcy Case."

Docket #37).  The Chapter 7 Trustee's Response provided no insight on the substance

of Plaintiff's § 521(e)(2)(C) request.

Plaintiff then filed a reply ("Reply to the Trustee")[16] objecting to the Trustee's

Response to the extent that it contains additional facts because the response does not

satisfy the requirements of Rule 56(c), which is applicable herein pursuant to Rule 7056

of the Federal Rules of Bankruptcy Procedure.  (See AP Docket #39).  The additional

facts in the Trustee's Response shall not be considered as part of the record on

summary judgment.

On October 24, 2017, I held a pretrial status hearing. (AP Docket #40).  At the

hearing, I advised Plaintiff's counsel that I had serious doubt whether it was proper

procedure to bring a motion to dismiss a bankruptcy case as a claim in an adversary

proceeding**.**[17] (See Transcript, dated October 24, 2017, at 7-8).  After a colloquy on this

issue, I set a deadline by which Plaintiff was required to either: (i) convert Count IV of its

Complaint into a motion to dismiss and file it in the bankruptcy case; or (ii) file a

memorandum of law in the adversary proceeding explaining why it is procedurally

proper for a creditor who seeks a dismissal pursuant to § 521(e)(2)(C) to assert that

request in a complaint.  (Id. at 11-17).  I also set a deadline by which Debtor and the

---

[16]  Plaintiff's Reply to the Trustee's Response is titled: "Reply Memorandum of Plaintiff/Judgment Creditor
Artesanias Hacienda Real S.A. de C.V. (i) in Further Support of its Motion for Summary Judgment on
Count 4 of its Complaint Pursuant to 11 U.S.C. §§ 521(e)(2)(C) and 704 of the Bankruptcy Code and Rule
7056 of the Federal Rules of Bankruptcy Procedure; and (ii) Objecting to the Chapter 7 Trustee's
Unsworn, Unverified and Inadmissible "Response to Motion."

[17]  During the hearing, I stated: "[M]y difficulty is still this: I don't think there's any authority, and it's
certainly not the proper procedure to bring, essentially, a motion to dismiss as part of the complaint."
(See Transcript, dated October 24, 2017, at 7-8).  I also declared: "I'm telling you that I don't believe that
it is appropriate to bring a dismissal in the context of a complaint[.]".  (Id. at 9).  I further noted that, since
[the Bankruptcy Judge] is presiding over the bankruptcy case and is familiar with the history of the case,
the request for dismissal should be made in the bankruptcy case before him.  (Id.).

Chapter 7 Trustee could each file a response to the Plaintiff's supplemental memorandum should Plaintiff file one.

While somewhat of a surprise but, in hindsight, rather understandable, Plaintiff opted to file a supplemental memorandum ("Supplemental Memorandum")[18] in the adversary proceeding rather than converting Count IV of its Complaint into a motion to dismiss. (AP Docket #42).  Unfortunately, instead of addressing the procedural issue which the Court identified, Plaintiff used the Supplemental Memorandum to argue that, since the Bankruptcy Judge recused himself from the instant adversary proceeding, he "recused himself from hearing any aspect of the adversary case including Count 4 for dismissal of [Debtor's] bankruptcy case."  (Supplemental Memorandum at 6, AP Docket #42).  Soon thereafter, the Chapter 7 Trustee filed a response ("Supplemental Response")[19] to Plaintiff's Supplemental Memorandum.  In her Supplemental Response, the Trustee: (i) correctly observes that Plaintiff wholly failed to address the procedural issue at hand; (ii) argues again that relief under § 521(e)(2)(C) must be requested by motion; and (iii) for the first time asserts that Plaintiff is not entitled to a dismissal of Debtor's bankruptcy case based on the aforementioned provision. (AP Docket #45).  With regard to the third point, the Chapter 7 Trustee argues that "[t]here is no penalty mentioned in 11 U.S.C. [§] 521(e)(2)(C) for a circumstance where, as here, (1) a debtor provides a document to the trustee, (2) a creditor thereafter demands it, (3)

---

[18]  Plaintiff's supplemental memorandum is titled: "Supplemental Memorandum of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. as to Whether this Court Can Hear Artesanias' Pending Summary Judgment Motion."

[19] The Chapter 7 Trustee's Supplemental Response is titled: "Response of Lynn E. Feldman, Esquire, Chapter 7 Trustee, to the Supplemental Memorandum of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. as to Whether this Court Can Hear Artesanias' Pending Summary Judgment Motion."

the debtor delays in providing *but ultimately does provide it*,[20] and (4) *seven and a half months* later the creditor seeks to dismiss the bankruptcy case based on the debtor's failure to provide the document *that was actually provided*." (Supplemental Response ¶ 49, AP Docket #45) (emphasis in original).

On the same day the Chapter 7 Trustee filed her Supplemental Response, Debtor filed a one page document stating that he was joining in it.[21] (AP Docket #47). Plaintiff filed a short objection to the Chapter 7 Trustee's Supplemental Response and the "me too" joinder of the Debtor.[22] (AP Docket #48). In its objection, Plaintiff points out that the Chapter 7 Trustee's belated affidavit, dated December 10, 2017, which she attached as Exhibit "B" to her Supplemental Response, should be stricken or, in any event, not considered as admissible evidence of the date that Debtor's 2015 tax return was actually received by the Trustee. The Trustee's affidavit shall not be considered as part of the record on summary judgment.

---

[20] Plaintiff concedes that it ultimately received a copy of Debtor's 2015 tax return but points out that the return was not provided until *after* it filed the instant adversary proceeding asserting its claim for dismissal under § 521(e)(2)(C). See Objection Of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. De C.V. to Response of Lynn E. Feldman, Chapter 7 Trustee and to the "Me Too" Joinder of Defendant Debtor Ivan Jeffery to Artesanias' Supplemental Memorandum as to Whether This Court Can Hear Artesanias' Pending Summary Judgment Motion (AP Docket #48) at 2.

[21] Debtor's one page document is titled: "Joinder of Ivan Jeffery to Response of Lynn E. Feldman, Esquire, Chapter 7 Trustee, to the Supplemental Memorandum of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. as to Whether this Court Can Hear Artesanias' Pending Summary Judgment Motion."

[22] The Plaintiff's short objection is titled: "Objection of Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V. to Response of Lynn E. Feldman, Chapter 7 Trustee and to the 'Me Too' Joinder of Defendant Debtor Ivan Jeffery to Artesanias' Supplemental Memorandum as to Whether this Court Can Hear Artesanias' Pending Summary Judgment Motion."

## II.    STANDARD OF REVIEW ON MOTION
## FOR SUMMARY JUDGMENT

In deciding a motion for summary judgment, a court must "determine whether the record contains any disputed issue of material fact, resolve any such issue in favor of the non-movant, and determine whether the movant is entitled to judgment as a matter of law." DiFiore v. CSL Behring, LLC, 879 F.3d 71, 78 (3d Cir. 2018).  A factual dispute is "'material' if it might affect the outcome of the case under governing law." LeBeau v. Montgomery, 2017 WL 5885673, at *2 (E.D. Pa. Nov. 28, 2017).

In this matter, the Court is not required to resolve any factual disputes to decide Plaintiff's Motion.  Accepting as true Plaintiff's version of the relevant facts, which neither the Debtor nor the Trustee disputes, Plaintiff is not entitled to the dismissal of Debtor's bankruptcy case under § 521(e)(2)(C).

## III.    LEGAL ANALYSIS

Prior to discussing the substantive issue raised by Count IV of the Complaint, the Court shall address the following ancillary issues: (i) whether summary judgment may be granted on the Additional Grounds; and (ii) whether Plaintiff complied with the proper procedure for requesting a dismissal under § 521(e)(2)(C) and, if not, whether the Court may rule on its dismissal request.

### A.  The Additional Grounds

Count IV of the Complaint, which only names the Debtor as a defendant, seeks the dismissal of Debtor's bankruptcy case solely on one ground, namely Debtor's failure to comply with § 521(e)(2)(A)(ii).  (See Complaint ¶ 9 and ¶¶ 81-87).  Yet, Plaintiff included the Additional Grounds, which have nothing to do with any provision of § 521(e)(2), in its Motion.

It was improper for Plaintiff to assert new grounds for dismissal in its Motion.[23]

Sweet Street Desserts, Inc. v. Better Bakery, LLC, 2015 WL 4486702, at *6 (E.D. Pa.

July 23, 2015) (observing that it is not permissible for a plaintiff to raise new claims at

the summary judgment stage); Pitts v. City of Madison, 2017 WL 6003645, at *9 (S.D.

Miss. December 4, 2017) ("At the summary judgment stage, plaintiffs who wish to assert

a new claim must amend their complaint[.]"), *reconsideration granted in part on other*

*grounds*, 2018 WL 1075729 (S.D. Miss. Feb. 27, 2018); Lubin v. Murphy (In re Murphy),

2017 WL 4620879, at *3 (Bankr. N.D. Ga. October 13, 2017) (ruling that it is improper

for a plaintiff to raise a new claim for the first time at the summary judgment stage).

Moreover, only claims that are raised in a *complaint* can be considered on

summary judgment.  Blank v. Deutsche Bank Nat'l Trust Company, 2017 WL 6451186,

at *5 (N.D. Tex. Nov. 29, 2017) ("Because Plaintiff's action for quiet title was not raised

in his complaint, it will not be considered for the first time on summary judgment."),

*report and recommendation adopted*, 2017 WL 6406581 (N.D. Tex. Dec. 14, 2017);

Michel v. United States, 2017 WL 3966827, at *1 n.1 (S.D. Cal. Sept. 8, 2017) (where

plaintiff, in her complaint, only alleged cause of action for product liability for design

defect and not for failure to warn, court could not consider claim for failure to warn on

summary judgment because the claim was not asserted in the complaint).  See also

Sokol v. Clark, 2017 WL 5626199, at *10 (W.D. Pa. Nov. 22, 2017) (ruling that, since

plaintiff did not allege claim for intentional infliction of emotional distress in her

---

[23] The Additional Grounds pointedly object to the Chapter 7 Trustee's conduct in Debtor's bankruptcy case and argue that the Chapter 7 Trustee's continued administration of the bankruptcy case serves "little or no purpose."  Understandably, the Chapter 7 Trustee felt compelled to respond to the Additional Grounds. For a party which seeks to limit the charges which the Chapter 7 Trustee is incurring, the decision to include the Additional Grounds in its Motion was ill-advised.

complaint, it was not necessary for the Court to address any of the defendants'

arguments relating to the claim).

Since the Additional Grounds were not asserted in the Complaint, Plaintiff

improperly raised them in its Motion.  For that reason, the Court will not consider them

on summary judgment.[24]


### B.    A Request for a Dismissal Based on § 521(e)(2)(C) Should be Filed as a Motion

Plaintiff requests dismissal of Debtor's bankruptcy case pursuant to

§ 521(e)(2)(C).  The Bankruptcy Code does not prescribe the procedure for requesting

a dismissal under § 521(e)(2)(C), but the Federal Rules of Bankruptcy Procedure do.

Rule 1017(f)(1), which is titled "Procedure for Dismissal," states, in relevant part:

> (1) Rule 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter, except under §§ 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b).

> (2) Conversion or dismissal under §§ 706(a), 1112(a),1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013.

Fed. R. Bankr. P. 1017(f)(1).  Because § 521(e)(2)(C) is not listed as one of the

exceptions in Rule 1017(f)(1), it means that Rule 9014 applies to a request for dismissal

based on a

---

[24] If Plaintiff decides to press any of the Additional Grounds, it must file a motion raising them in the bankruptcy case.  This Court will not permit Plaintiff to amend its Complaint to raise the Additional Grounds because the proper procedure for seeking the removal of a trustee under § 324(a) or the dismissal of a bankruptcy case under § 305(a)(1) is by filing a motion.  See supra notes 9-10.

debtor's noncompliance with § 521(e)(2)(A)(i) or (ii).  Rule 9014, which is titled

"Contested Matters," states, in pertinent part:

> **(a)** Motion.  In a contested matter . . ., relief shall be requested by
> motion, and reasonable notice and opportunity for hearing shall be
> afforded the party against whom relief is sought.  No response is
> required under this rules unless the court directs otherwise.

Fed. R. Bankr. P. 9014.  Accordingly, the proper procedure for requesting a dismissal

based on § 521(e)(2)(C) is by filing a motion in a debtor's bankruptcy case.

Instead of filing a motion, Plaintiff included its request for a dismissal as a cause

of action in this adversary proceeding.  The Federal Rules of Bankruptcy Procedure

differentiate between "adversary proceedings" and "contested matters." See Fed. R.

Bankr. P. 7001 and 9014.  Rule 7001 provides a list of ten kinds of matters that "are

adversary proceedings[.]"  See Fed. R. Civ. P. 7001.  A request for a dismissal under

§ 521(e)(2)(C) is not one of the enumerated matters that constitute an adversary

proceeding.  Id.

In Hiller v. Hiller (In re Hiller), 482 B.R. 462, 468 (Bankr. Mass. 2012), the

bankruptcy court noted that the use of an adversary proceeding instead of a motion to

request the dismissal of a bankruptcy case raises the following two concerns: (1) an

adversary proceeding "is procedurally more cumbersome than a simple motion"; and

(2)  where the parties to the adversary proceeding are only the creditor and the debtor,

other parties with an interest in the matter, such as a trustee, the United States trustee

and other creditors, "may be inappropriately excluded" from being heard on the

dismissal request. Id.  This Court finds that neither of these concerns is at issue in the

instant case.

Because the Motion focuses solely on Count IV of the Complaint and all relevant

facts are contained in the record on summary judgment, the issue can be decided in

isolation from the rest of the claims in the adversary proceeding.  Therefore, there is no

concern that Plaintiff has made the procedure for handling its request for dismissal

under § 521(e)(2)(C) more cumbersome.

As to the Hiller court's second concern, the Chapter 7 Trustee, while not a party

in this adversary proceeding, has had the opportunity to appear and be heard on

Plaintiff's request in Count IV.  Moreover, Debtor has actively participated in opposing

the relief which Plaintiff seeks in Count IV and Plaintiff is the only unsecured creditor

remaining in Debtor's bankruptcy case.  Therefore, the Hiller court's concern that there

may be "other parties" who should be heard on this matter is, similarly, not a problem.

Nevertheless, the instant proceeding raises a third concern which was not

discussed in Hiller but is worth mentioning. Because a request for the dismissal of a

bankruptcy case is required to be filed as a motion in a debtor's bankruptcy case, the

judge who is presiding over the bankruptcy case will typically be the one to rule upon

the request.  The bankruptcy judge should be the one ruling on such a motion because

he or she is most familiar with the history of the debtor's case and its moving parts.

However, in some situations such as here, the bankruptcy judge might recuse himself or

herself from an adversary proceeding.  When a party which is required to file a request

by motion, instead, files the request as a count in an adversary proceeding from which

the bankruptcy judge has recused or subsequently recuses himself, an issue which

concerns the very heart of a bankruptcy case could be decided by the judge who is only

presiding over an adversary proceeding.  In such cases, it may be necessary to enforce

16

the Federal Rules of Bankruptcy Procedure and require the plaintiff to refile its request

for dismissal as a motion in the bankruptcy case.  For example, if Plaintiff had included

the Additional Grounds as causes of action in its Complaint, the appropriate judge to

hear and rule upon them would be the Bankruptcy Judge. For that reason, if the

Additional Grounds had been included as claims in the Complaint and Plaintiff was

seeking relief on them as part of its Motion, I would require Plaintiff to adhere to the

Federal Rules of Procedure and file a motion asserting them in the Debtor's bankruptcy

case.  The Additional Grounds raise challenges involving, to coin a phrase, the very

meat and potatoes of the Debtor's bankruptcy case.

However, the claim at issue here is like a small side salad that rests on a

separate plate.  It can be resolved without regard to the menu or ingredients of the main

meal because the claim requests the dismissal of Debtor's bankruptcy case on a very

narrow ground. Familiarity with the moving parts of Debtor's bankruptcy case is

unnecessary to rule on the isolated and separate issues raised by Count IV.

Consequently, this matter need not be decided by the Bankruptcy Judge.  It can be

decided in the context of this adversary proceeding.  Furthermore, no purpose would be

served by requiring Plaintiff to refile its request for dismissal under § 521(e)(2)(C) as a

motion.  Judicial resources would be wasted and the parties would be forced to incur

more expenses in litigating this matter.  See Bennett v. Bank of America National

Association (In re Bennett), 531 B.R. 68, 82 n.16 (Bankr. E.D. Pa. 2015) (reasoning that

"[i]t would exalt form over substance to dismiss" the action and require the debtor to file

a motion).  Therefore, this Court shall decide the Motion on its merits.

## C. **Plaintiff Is Not Entitled to Dismissal Under § 521(e)(2)(C)**

Section 521(e) was added to the Bankruptcy Code by the Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 (BAPCPA).  In re Duffus, 339 B.R.

746, 747 (Bankr. D. Or. 2006).  Only a limited amount of case law exists on the

subsections of 521(e)(2)(A) that are at issue here.[25]

Section 521(e)(2) states in its entirety:

> (2) (A) The debtor shall provide--
>
>> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and
>>
>> (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.
>
> (B)  If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.
>
> (C) If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

---

[25] On March 6, 2018, a search on Westlaw of "521(e)(2)!" in "All Federal" produced ninety-three cases. Similar searches of "521(e)(2)(A)(ii)" and "521(e)(2)(C)" resulted in only six and twelve cases, respectively.

11 U.S.C.A. § 521(e)(2).[26] This section requires a debtor, prior to the "date *first set* for the first meeting of creditors," id. (emphasis added), to provide the trustee and any creditor which makes a timely request pursuant to § 521(e)(2)(ii), a copy of the debtor's "most recently-*filed* tax return." In re Casey, 274 Fed. Appx. 205, 206 (3d Cir. 2008) (emphasis added).  If a debtor fails to comply with his or her duty to provide the required tax return under § 521(e)(2)(A)(ii), then the court is required to "dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return . . . is due to circumstances beyond the control of the debtor."  11 U.S.C. § 521(e)(2)(C).[27]

Plaintiff contends that Debtor's bankruptcy case must be dismissed pursuant to § 521(e)(2)(C) because, when Plaintiff demanded a copy of Debtor's 2015 tax return, Debtor failed to provide the return. However, according to Plaintiff's own factual recitation, Debtor had not filed his 2015 tax return when he commenced his bankruptcy case.

Section 521(e)(2)(C) states, in pertinent part, that"[i]f a creditor requests a copy of *such tax return*. . . and the debtor fails to provide a copy of *such return*, then the court shall dismiss the case unless . . . "  11 U.S.C. § 521(e)(2)(C) (emphasis added).  Which tax return qualifies as "such tax return"? There is only one tax return to which all

---

[26] Courts have noted that § 521(e)(2)(B) and § 521(e)(2)(C) are duplicative of each other.  See In re Collins, 393 B.R. 835, 836 & n.1 (Bankr. E.D. Wis. 2008); In re Ring, 341 B.R. 387, n.4 (Bankr. D. Me. 2006).  Since Plaintiff's Complaint and Motion both refer to § 521(e)(2)(C), this Court shall follow suit and cite to the same provision.

[27] While 11 U.S.C. § 521(e)(2)(C) mandates the dismissal of a bankruptcy case in certain circumstances, a dismissal pursuant to this provision is not automatic.  See In re Watson, 2008 WL 4844132, at *1 (Bankr. M.D. N.C. October 16, 2008) (ruling that, unlike § 521(i)(1) "which specifically mandates automatic dismissal" if a debtor fails to timely file the information required by § 521(a)(1), a dismissal for non-compliance with § 521(e)(2) is "not automatic."); In re Nordstrom, 381 B.R. 766, 769 (Bankr. C.D. Cal. 2008) (citations omitted) ("Unlike the automatic dismissal mandated by § 521(i)(1), a dismissal for noncompliance with § 521(e)(2)(A)(i) requires a motion[.]").

subsections of § 521(e)(2) apply and that tax return is identified in subsection

(e)(2)(A)(i).  The tax return is "the Federal income tax return required under applicable

law . . . for the most recent tax year ending immediately before the commencement of

the case and for which a Federal income tax was *filed*[.]"  11 U.S.C. § 521(e)(2)(A)(i)

(emphasis added).

The evidence in the record on summary judgment (provided by Plaintiff)

establishes the following undisputed facts:

- Debtor testified at the first meeting of creditors, which was held on August 22, 2016, that his 2015 tax returns were on extension and had not yet been filed.

- After the first meeting of creditors, Plaintiff made repeated demands on Debtor for a copy of his 2015 income tax return.

- At the continued meeting of creditors on December 5, 2016, Debtor testified regarding his 2015 income tax return and, thereby, admitted its existence.

- Debtor failed to provide a copy of his 2015 tax return to Plaintiff prior to the continued meeting of creditors on December 5, 2016.

These facts do not support a dismissal under § 521(e)(2) because "by its terms,"

§ 521(e)(2)(A)(i) only requires the provision "of an *already-filed* tax return, not the

completion, filing and submission of any subsequent return."  In re Casey, 274 Fed.

Appx. at 206 (emphasis in original).  Since Debtor had not filed his 2015 tax return

before he commenced his bankruptcy case, § 521(e)(2)(A)(ii) did not impose any

obligation on him to provide a copy of that tax return to Plaintiff.

In addition, the only significant date referenced in § 521(e)(2)(A) is the "date first set for the first meeting of creditors." 11 U.S.C. § 521(e)(2)(A)(i).  This phrase is unambiguous.  See Peerless Insurance Co. v. Miller (In re Miller), 228 B.R. 399, 401 (Bankr. B.A.P. 6th Cir. 1999) (ruling that the phrase "the first date set for the meeting of creditors held pursuant to § 341(a)," which is contained in Fed. R. Bank. P. 4007(c), is unambiguous and must be applied regardless of whether the meeting of creditors is continued and actually occurs on a different date); Schwab Structural Engineering, Inc. v. Kercsmar (In re Kerscmar), 2012 WL 4021186, at *2 (Bankr. E.D. Va. Sept. 12, 2012) (rejecting plaintiff's argument that phrase "the first date set for the meeting of creditors" as used in Fed. R. Bankr. P. 4007(c) should be interpreted to mean "the first date in which the meeting of creditors actually *occurred*, not the original date set" because "the plain meaning of [Rule 4007(c) is that the deadline does not change when the meeting of creditors changes.");[28] see also In re Persaud, 486 B.R. 251, 255-56 (Bankr. E.D.N.Y. 2013) (emphasis added) (concluding that the phrase "date of the first meeting of creditors" in § 704(b)(1) is ambiguous because: (i) "the § 341 meeting may be

---

[28] In Kercsmar, the bankruptcy court noted the following regarding the phrase "after the first date set for the meeting of creditors" which is used in both Rule 4007(c) and Bankruptcy Code § 521(e)(2)(A)(i):

> The language of Rule 4007(c), "60 days after the first date set for the meeting of creditors," can be compared with that of Rule 4003(b), which states that objections to Debtor's claim of exemptions must be filed "within 30 days after the meeting of creditors held under § 341(a) *is concluded.*" Clearly, if Congress had wanted to provide for 60 days after the conclusion of the meeting of creditors under Rule 4007(c), it could have so stated.

2012 WL 4021186, at *2 n.1.  Similarly, had Congress wanted to extend a debtor's obligation under § 521(e)(A)(i) to provide a copy of debtor's most recently filed tax return to any continued date of the meeting of creditors or to the conclusion of the meeting, Congress could have so stated.

commenced on one date, and then adjourned to a later date"; and (ii) *"[w]hen the time period is to be measured from the commencement of the § 341 meeting, the Code often refers to the 'first date set' for the meeting*, or uses similarly unambiguous language.");[29] cf. In re Granger, 2008 WL 5157843, at *2 (Bankr. N.M. September 22, 2008) (construing the phrase "date of the first meeting of creditors" in § 704(b)(1)(A) to "include[ ] the date upon which the creditors' meeting is concluded.").

Pursuant to Fed. R. Bankr. P. 2003(e),[30] the first meeting of creditors may be adjourned and continued from time to time as occurred in Debtor's bankruptcy case. However, the significant date for purposes of § 521(e)(2) is "date first set for the first meeting of creditors" which, based on the plain meaning of the phrase, is a specific date. It is the date which is *first set* for the first meeting of creditors. In the instant matter, that date was August 22, 2016.

Consequently, not only was Debtor not under an obligation pursuant to § 521(e)(2)(A)(ii) to provide Plaintiff with a copy of his 2015 tax return since that return was not filed when he commenced his bankruptcy case but, even if it had been filed prior to the commencement of Debtor's bankruptcy case, the obligation only existed with

---

[29] As support for its view that the phrase "the date of the first meeting of creditors" is ambiguous, the Persuad court noted that the term "first meeting of creditors" is commonly used to refer to the entire § 341meeting, from its commencement to its conclusion. 486 B.R. at 257. The court also observed that some courts interpret the phrase "ten days from the date of the first meeting of creditors" in § 704(b)(1) to mean the ten days from the date when the § 341(a) meeting commences while other courts "reach the opposite conclusion" and construe the phrase to mean ten days from the "conclusion of the § 341 meeting." Id. at 255-257.

[30] Rule 2003(e) provides:

> (e) **Adjournment.** The meeting [of creditors] may be adjourned from time to time by announcement at the meeting of the adjourned date and time. The presiding official shall promptly file a statement specifying the date and time to which the meeting is being adjourned.

Fed. R. Bankr. P. 2003(e).

regard to the "date first set for the first meeting of creditors" which was August 22, 2016.

Furthermore, the obligation had to be triggered by a timely request by Plaintiff for a copy

of the return. According to § 521(e)(2)(A)(ii), a creditor must make "a *timely* request" for

a copy of the debtor's the tax return.  11 U.S.C. § 521(e)(2)(A)(i).  To discern the

meaning of the word "timely" in this situation, it is necessary to turn to Fed. R. Bankr. P.

4002(b).  According to Rule 4002(b)(4), a debtor's obligation to provide a copy of his or

her tax return to a creditor prior to the date first set for the first meeting of creditors is

*triggered* if the creditor requests the return at least <u>14 days prior</u> to that date.  Rule

4002(b) provides, in pertinent part:

> (3) Tax return
>
> At least 7 days before the first date set for the meeting of creditors
> under § 341, the debtor shall provide to the trustee a copy of the
> debtor's federal income tax return for the most recent tax year
> ending immediately before the commencement of the case and for
> which a return was filed, including any attachments, or a transcript
> of the tax return, or provide a written statement that the
> documentation does not exist.
>
> (4) Tax returns provided to creditors
>
> If a creditor, *at least 14 days before the first date set for the
> meeting of creditors under § 341, requests a copy of the debtor's
> tax return that is to be provided to the trustee under subdivision
> (b)(3)*, the debtor, at least 7 days before the first date set for the
> meeting of creditors under § 341, shall provide to the requesting
> creditor a copy of the return, including any attachments, or a
> transcript of the tax return, or provide a written statement that the
> documentation does not exist.

Fed. R. Bankr. P. 4002(b)(3) & (4) (emphasis added).  Plaintiff has not established that,

in accordance with Rule 4002(b)(3), it asked Debtor at least 14 days before August 22,

2016, to provide it with a copy of the tax return which he was obligated to provide to the

Trustee pursuant to § 521(e)(2)(A)(i). Consequently, Plaintiff has not established that it made a timely request for any tax return under § 521(e)(2)(A)(ii).

In summary, Plaintiff's § 521(e)(2)(C) claim fails for the following two reasons: (i) Debtor had not filed his 2015 tax return when he commenced his bankruptcy case; and (ii) Plaintiff's request for a copy of Debtor's most recently filed tax return was not timely made pursuant to § 521(e)(2)(A)(ii) and Rule 4002(b)(4).

Plaintiff, by its own factual evidence and allegations, has established that it does not have a claim for dismissal against Debtor under § 521(e)(2)(C) for failure to provide it with a copy of his 2015 tax return.  Therefore, as a matter of law, Plaintiff is not entitled to summary judgment on Count IV of its Complaint.

## IV.    GRANTING SUMMARY JUDGMENT IN FAVOR OF DEBTOR

In <u>Gibson v. Mayor & Council of City of Wilmington</u>, 355 F.3d 215 (3d Cir. 2004), the Third Circuit agreed that summary judgment in favor of the non-moving party may be granted *sua sponte* when: (i) the record on summary judgment has been fully developed; (ii) the material facts are undisputed; and (iii) the non-moving party is entitled to judgment as a matter of law.  <u>Id</u>. at 223-24.  <u>See</u> <u>also</u> <u>James v. Interstate Credit and Collection, Inc.</u>, 2005 WL 1017819 (E.D. Pa. April 25, 2005) (granting summary judgment *sua sponte* to the defendant non-moving party since the "record on the discrete issue" before the court was complete, the plaintiff had moved for summary judgment and the law on the issue was "clear.").  These three requirements are satisfied here.  The record is fully developed on the discrete issue of whether Debtor was required, under § 521(e)(2)(A)(ii), to provide Plaintiff with a copy of his 2015 tax return before the first meeting of creditors was held.  Plaintiff moved for summary judgment on

24

Count IV and provided the Court with the undisputed facts that are relevant to its claim.

Lastly, the issue of whether Plaintiff is entitled to a dismissal of Debtor's bankruptcy

case under § 521(e)(2)(C) is a matter of law.  Based on the discussion in Part (III)(C)

above, Debtor's bankruptcy case cannot be dismissed under § 521(e)(2)(C).  Therefore,

summary judgment on Count IV of the complaint shall be entered *sua sponte* in favor of

the Debtor.

## V.    CONCLUSION

Based on the reasons set forth above, Plaintiff's Motion shall be denied.

Moreover, this Court shall *sua sponte* enter summary judgment on Count IV in favor of

Debtor.

An Order consistent with this Opinion shall be entered.

_____
Honorable Jean K. FitzSimon
United States Bankruptcy Judge

DATED:      March 29, 2018

25