IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re: Ivan Jeffery,** <br> Debtor | : Chapter 7 <br> : Case No. 16-15037-REF <br> : |
| **ARTESANIAS HACIENDA REAL S.A. de C.V.,** <br> Plaintiff <br> vs. <br> **IVAN JEFFERY,** <br> Defendant | : <br> : Adversary No. 17-00028- <br> : JKF <br> : <br> : <br> : |

## MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 7033, 7034 AND 7037 FOR ORDER TO (i) COMPEL DEFENDANT/JUDGMENT DEBTOR IVAN JEFFERY TO PRODUCE RESPONSIVE DOCUMENTS AND PROVIDE FULL AND COMPLETE INTERROGATORY ANSWERS AND (ii) EXTEND DISCOVERY AND RELATED DEADLINES.

Plaintiff/judgment creditor Artesanias Hacienda Real S.A. de C.V. ("Artesanias"), by and through its undersigned counsel, hereby moves the Honorable Court pursuant to Federal Rules of Bankruptcy Procedure 7033, 7034 and 7037 and Federal Rules of Civil Procedure 33, 34, and 37 [including without limitation 37(a)(3)(b) and 37(a)(4)] and such other rules and law as may be applicable for entry of an Order to (i) compel defendant judgment debtor Ivan Jeffery ("Jeffery") to produce all responsive documents and provide full and complete interrogatory answers sought in Artesanias' April 23, 2018 document production and interrogatory requests, and (ii) to extend discovery and related deadlines in light of Jeffery's failure to comply with his discovery obligations. Artesanias represents as follows:

1. Artesanias obtained during April 2016 and then recorded and continues to hold a judgment in Artesanias' favor against Jeffery in the amount of $923,457.87 entered by the U.S. District Court for the Eastern District of Pennsylvania in the case entitled *Artesanias Hacienda Real S.A. de C.v. v. Wilton Armetale, Inc. and Ivan Jeffery*, 5:15-

1

CV-06350-EGS (the "Predecessor Action"). Artesanias recorded that Judgment with the Clerk of Courts of Lake County, Florida and the Prothonotaries of Berks County and Lancaster County, Pennsylvania. That Judgment remains entirely unpaid.

2. Subsequently, on July 15, 2016, Jeffery filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the instant bankruptcy case.

3. On July 18, 2016, Lynn Feldman was appointed the Chapter 7 Trustee.

4. Artesanias timely filed a Proof of Claim against debtor Jeffery's bankruptcy estate and accompanying copies of the Judgment in the Predecessor Action in the amount of $923,457.87 as recorded with the Clerk of Courts in Lake County, Florida and the Prothonotaries of Lancaster County and of Berks County, Pennsylvania.

5. During Jeffery's 341 proceedings on August 22, and December 5, 2016, he testified as to his farm business (formerly pecan farming and currently citrus farming) on and ownership interest in properties located at Maggie Jones Road in Lake County Florida (the "Lake County Properties") -- consisting of at least approximately 110 acres located at or about 42584, 42600, 42710 or 42810 Maggie Jones Road, Paisley Florida, including real estate, buildings, barns, orchards, wells, irrigation equipment, and other improvements thereon and equipment therein.

6. Jeffery testified at his 341 proceedings that the Lake County Properties previously had 400 pecan trees thereon; he sold pecans grown thereon from a roadside stand under the name "Paisley Pecan Farm"; in recent years he cut down the pecan trees and replaced them with 5,500 naval orange trees; he installed wells and an irrigation systems for the citrus trees; and he now refers to the farm as the "Paisley Naval Yard". [See Doc. 1, Adversary Complaint at ¶¶13-14 & 26 and Jeffery testimony cited therein.]

7. In Jeffery's Bankruptcy Petition and related petition, Jeffery did not disclose his farm business or his ownership interests in any of the Lake County Properties, purportedly because the Lake County Properties were transferred to and owned of record by a Revocable Trust (the "Revocable Trust") of which his wife is the nominal trustee (and Jeffery is named beneficiary).

8. However, during Jeffery's 341 testimony, Jeffery admitted the Revocable Trust acquired the Lake County Properties with his funds, but that the Revocable Trust never had any bank account of its own, nor its own or separate books of account, and never had any tax identification number nor filed any tax returns. He admitted he farms the Lake County Properties, all proceeds being deposited in and expenses paid from his personal bank account. He lives at, but pays no rent to the Revocable Trust for use of, the farm and other Lake County Properties. Indeed, at his initial 341 proceeding, Jeffery was even unable to identify the purported trustee of the Revocable Trust. See Jeffery's testimony quoted in and attached as exhibits to Artesanias' Complaint [Doc. 1] ¶¶28-34.

9. Artesanias has obtained Jeffery's tax returns for 2012 through 2016 including his Schedule "F" (entitled "Profit or Loss from Farming") for each of those years. In each such Schedule "F", Jeffery lists himself as "Proprietor" of the farm located on the Lake County Properties. His Schedule "F" for 2015 and 2016 reports and admits his ownership of property having an admitted cost of approximately $900,000, which he uses in his Lake County farm business and depreciates as his farm expense.[1]

---

[1] See, for instance, Jeffery's Schedule "F" for the years ended December 31, 2012, 2013 and 2014 (Complaint Ex.s 4. 5 & 6 [Doc.s 1-7, 1-8 and 1-9]) and the accompanying Goldin Affidavit and Jeffery's Schedule "F" for the years ended December 31, 2015 and 2016 attached to the accompanying Goldin Affidavit as Exhibits 5 and 6 thereto.

3

10. On January 19, 2017, Artesanias filed its Complaint to Deny Debtor Discharge and to Dismiss the Bankruptcy Case in the instant adversary action [Doc. 1]. That Complaint includes the following Counts:

> 1 – Defendant Debtor Jeffery knowingly and fraudulently, in or in connection with this Case, made false oath or account [citing Bankruptcy Code §727(a)(4)]
>
> 2 – Defendant Debtor Jeffery, with intent to hinder, delay or defraud, concealed property and made pre-and/or post-petition transfers thereof [citing §§727(a)(2)(A) &(B)]
>
> 3. – Defendant Debtor Jeffery concealment of records, including (among others) Jeffery's federal income tax return [citing §727(a)(3)]
>
> 5. – Defendant Debtor Jeffery caused willful and malicious injury to Artesanias [citing §523(a)(6)].

11. Artesanias' Complaint [Doc. 1] in this adversary action recites Jeffery's above-described admissions as to (among other things) his interest in the Lake County properties, and then further pleads in pertinent part:

(a) property (including the Lake County, Florida property acquired with Jeffery's funds) purportedly owned by the Revocable Trust is subject to judgment creditor Artesanias's claims as (among other things) (i) the trust is a sham and a nullity, (ii) the trust is an "alter ego" of debtor Jeffery, (iii) Jeffery is a "de facto" owner of the Revocable Trust and the property in light of his operation of and control over that property for his own benefit, (iv) it is against governing public policy of Pennsylvania (stated in the Revocable Trust as its governing law) for a person to contribute funds and other property to a trust in which that same person retains a beneficial interest in the trust res while purporting to place the res beyond reach of his creditors, and (v) the property contributed and paid for by Jeffery is subject to the claims of Jeffery's creditor pursuant to the Pennsylvania Uniform Trust Act, 20 Pa. C.S. §7701 *et seq.* [Complaint ¶43];

4

(b) Jeffery should be denied discharge as (among other things) in violation of Bankruptcy Code §§727(a)(4) and 727(a)(2)(A) & (B) he knowingly, falsely and fraudulently failed to disclose in his Bankruptcy Petition and accompanying schedules and Statement of Financial Affairs, and instead with intent to hinder, delay or defraud judgment creditor Artesanias, he concealed being "Proprietor" of and engaged in the farm business (previously under the name Paisley Pecan Farm and now Paisley Navel Farm) and further concealed his ownership of valuable Lake County Florida properties which he owns and uses in his farm business (including house, barns, tractors and other machinery and equipment) as set forth on his federal tax returns (including his Schedule "F") [Complaint ¶¶15-22, 58-60 and 74];

(c) Jeffery falsely swore in his bankruptcy schedules that he has no legal or equitable interest in any business-related property; that he has no trust, equitable or future interests in property, and that the value of that property is "$0" [Complaint ¶¶61-68], although it has a cost and value more than $900,000 [Goldin Aff. Ex.s 5-8]; and

(d) Jeffery knowingly, intentionally and fraudulently failed to disclose in his bankruptcy schedules and instead concealed, his March 7, 2016 Agreement with North Mill under which he was bribed with and to be secretly paid 20% of net proceeds of North Mill's foreclosure on and resale of Wilton Armetale, Inc.'s Mt. Joy real estate, which North Mill anticipated could result in payment of $134,000 to Jeffery [Complaint ¶¶44-50, 70 and ¶74].

12. Jeffery's motion to dismiss Artesanias' Complaint was denied by April 6, 2017 Order [Doc. 16], but Artesanias was not permitted by the Court to begin discovery until April 18, 2018 [Doc. 53]; a discovery cutoff has been set by this Court of August

5

24, 2018 [Doc. 57]; and Artesanias thus has a short period to conduct discovery as to Jeffery's fraudulent and other misconduct at issue. Moreover, to conduct deposition discovery, Artesanias needs documents as to which Jeffery and other witnesses will be deposed and questioned.

13. Shortly after this Court's April 18, 2018 Order first permitted Artesanias to conduct discovery in this adversary action, Artesanias on April 23, 2018 propounded document production requests and interrogatories on Jeffery [Goldin Aff. Ex. 3, previously filed as Doc. 59-3]. Artesanias propounded that discovery requests in accordance with Bankruptcy Rules 7033 (which applies FRCP Rule 33), 7034 (which applies FRCP Rule 34), and 7026 (which applies FRCP Rule 26) and so contemplate broad scope of discovery "relevant to any party's claim" and further state that "Information ... need not be admissible in evidence to be discoverable" [Rule 26(b)(1)].

14. Jeffery, through his counsel Leisawitz Heller (a defendant in related cases), on May 23, 2018 produced only a few documents sought in Artesanias' April 23, 2018 discovery requests. Jeffery refused to produce most documents sought (so refusing to produce, among others, documents as to the Revocable Trust and Florida properties at issue, bank statements and other documents as to farm receipts and disbursements, and Jeffery financial statements and tax returns). [Goldin Aff. Ex. 4, Jeffery's improper and incomplete May 23, 2018 discovery responses, previously filed as Doc. 59-4.]

15. Likewise, Jeffery refused to properly answer interrogatories (as to the Revocable Trust and Florida properties, Jeffery's financial statements and applications for credit, waiver of Leisawitz Heller's conflict in representing both Wilton and Jeffery,

6

and other matters at issue. [See Goldin Aff. Ex. 4, Jeffery's improper and incomplete May 23, 2018 discovery responses, previously filed as Doc. 59-4.]

16. Artesanias then delivered to Jeffery's counsel Leisawitz Heller, a 19-page letter describing deficiencies in Jeffery's discovery responses, and requesting Jeffery's counsel hold a telephonic "meet and confer" on May 31 or June 1, 2018 [Goldin Aff. Ex. 1 previously filed as Doc. 59-1]. For example, set forth below is that "meet and confer" letter's quotation of Artesanias' Document Request No. 9, Jeffery's refusal to produce responsive documents, and Artesanias' Reply:

> "Document Request 9. Produce all post-December 31, 2013 DOCUMENTS (whether agreements, invoices, statements, checks, wire transfer notices, or otherwise) evidencing, describing, summarizing or otherwise relating to or CONCERNING any improvements to, or equipment used for or in connection with farming, the LAKE COUNTY PROPERTIES (whether any pools, plantings, tractors, trucks, cars, wells, irrigation systems, or otherwise and whether for personal purpose or for any pecan, citrus or other farm thereon or otherwise).
>
> *Defendant/judgment debtor Jeffery Response. Objection. This Request is overly broad, unduly burdensome, beyond the scope of discovery permitted under the Federal Rules of Bankruptcy and Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.*
>
> Artesanias Reply.  The Request ties to Complaint allegations that the improvements and equipment used for or in connection with farming the Lake County Properties were purchased by, with funds of, and are being used for the benefit of Ivan Jeffery (whether in connection with his farming business or otherwise); those improvements and equipment were included as Ivan Jeffery's property, and depreciation and amortization thereof is reflected, on his Schedule F's to his tax returns; and the proceeds of those improvements and equipment are being deposited in Jeffery's bank account [Complaint ¶¶15-23]. However, as described above, Jeffery's Bankruptcy Petition, schedules and related filings falsely deny that Jeffery has been and is a farmer of, and did not list or include those improvements and equipment on, the Lake County Properties which he admits funding and owning and using in his farm business.[2]

---

[2] For instance, the Complaint pleads ¶¶21-23:
"21. As reported on Jeffery's 'Alternative Minimum Tax Depreciation Report' attached to Jeffery's Schedule 'F' for 2014 [Complaint Exhibit 6], the listed depreciable farm

7

The document Request thus seeks relevant documents to substantiate Complaint allegations; to rebut the false denials in Jeffery's Bankruptcy Petition, schedules and related filings; and to show that the Lake County Properties (including without limitation improvements and equipment thereon) were acquired and paid by, through and for Jeffery with Jeffery's funds; are operated and maintained by Jeffery; and are owned by Jeffery. Accordingly, all responsive DOCUMENTS should be produced.

We remind you that non-possession of documents is not a ground for withholding bank account statements and other documents which a party can or has a right to obtain. *See In re Global Power Equipment Group, Inc., supra*, 418 B.R. at 842 and case law cited therein. *See also In re Insley*, 322 B.R. 272, 277 (W.D.Pa. 2005) (bank statements and other documents which debtor can obtain from bank must be produced); *In re Reading Tube Corp.*, 73 B.R. 99, 101 (E.D. Pa. 1987), cancelled checks and/or business records must be produced; *In re Buzzelli*, 246 B.R. 75 (D. Del. 2006) (failure to produce bank account statements, canceled checks and other documents and records of the Chapter 7 debtor results in denial of the debtor's discharge). *See also Itochu Intern. Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 233 (E.D. Pa. 2014) (denying motion to quash discovery as to financial records held by non-party banks as judgment creditor has broad right to financial discovery of debtor, debtor's spouse, and related persons to or for whom transfers of funds and assets may have been made)."

17. Yet, Jeffery still has not provided missing and deficient discovery and refuses to "meet and confer". Instead, Jeffery's counsel (Leisawitz Heller) delivered a one-paragraph June 7, 2018 letter [Goldin Aff. Ex. 2, previously filed as Doc. 59-2] stating:

"it is apparent that we will not be able to agree on anything in this case. If you want to pursue discovery, you should proceed as the Federal Rules of Bankruptcy Procedure require."

---

property listed thereon was acquired by Jeffery on or after January 10, 2009; had a total cost basis to Jeffery of $350,943; and incurred depreciation during 2014 of $23,557 ...
22. That property listed on Jeffery's 2014 Schedule 'F' as having a cost basis to him of $350,943 was purchased by Jeffery and paid for with funds from bank accounts of which Jeffery was signatory and which Jeffery funded.
23. At Jeffery's 341 meeting on December 5, 2016 during which he testified as to the Schedule f's (Farm Income or Loss) in his 2013 and 2014 income tax returns, he admitted that he purchased the machinery and equipment for the farm properties, and that he funded the purchase from whichever bank account he had money at the time [Complaint Ex.3, Tr. at 87:13-90:8]."

18. Meanwhile, Artesanias subpoenaed and obtained from Jeffery's tax accountant documents supporting Jeffery's Schedule "F" (entitled "Profit or Loss from Farming"), as prepared by or for Jeffery. Attached as Exhibit 7 to the accompanying Goldin Affidavit, is that supporting document which reflects and admits (among other things) Jeffery's installation and payment of more than $227,000 (during a 12 month period prior to his July 15, 2016 bankruptcy filing) for a stump grinder, citrus trees, well and irrigation system, and water monitoring computer for his Lake County Property farm.

19. Artesanias also recently obtained from the Florida state government certain Jeffery filings which Jeffery signed as "Land Owner" of the Lake County farm properties and "Producer" of the citrus farm thereon. See Goldin Affidavit Exhibit 8, consisting of a Cost-Share BMP Agreement between Florida's Marion Soil and Water Conservation District which Jeffery (dba Paisley Naval Yard) signed as "Producer" and dated February 29, 2016, and the related Notice of Intent to Implement Water Quality/Quantity BMPS for Florida Citrus which Jeffery signed as "Land owner".

20. However, Jeffery continues to refuse to produce those and other documents sought in Artesanias' Document Requests relating to (among other things) Jeffery's ownership and operation of, improvements and expenditures for, services rendered in connection with, or otherwise relating to, and valuations of, those Lake County Properties. See for instance Arrowhead's "meet and confer" letter [Goldin Aff. Ex. 1], which includes Artesanias' Document Request No. 12, Jeffery's refusal to produce responsive documents, and Artesanias' Reply:

> "Document Request 12. Produce all post-December 31, 2013 DOCUMENTS (whether correspondence, emails, notes, memoranda, or otherwise) evidencing, describing, summarizing or otherwise relating to or CONCERNING services rendered by Ivan Jeffery in connection with ownership, management or operation

9

of any pecan, citrus, or other farm or business on or with respect to the LAKE COUNTY PROPERTIES.

*Defendant/judgment debtor Jeffery Response. Objection. This Request is overly broad, unduly burdensome, beyond the scope of discovery permitted under the Federal Rules of Bankruptcy and Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of his objection, the Defendant is not in possession of any documents responsive to this Request.*

Artesanias Reply. Ivan Jeffery's Bankruptcy Petition, schedules and related filings falsely deny that he was engaged in the business of farming, and falsely deny his funding of and ownership interest in, the Lake County Properties (including without limitation the improvements and equipment thereon). [See the Preface above].

However, Jeffery subsequently admitted that he has been and is farming the Lake County properties, including operating a pecan farm thereon; then cutting down and removing the pecan trees; instead arranging for planting of hundreds of citrus trees; and, in connection therewith arranging acquisition and installation of irrigation wells and equipment and the provision of fertilizer and other services for the citrus trees; purchasing the improvements and farm equipment; and paying the farming expenses from and depositing farming proceeds into his bank account. See for instance Complaint ¶¶13-26 and 58-68.

Thus, the documents are properly sought to substantiate Complaint allegations as to Ivan Jeffery's ownership interests in, funding and operation of, and dealings with respect to, and valuation of the Lake County Properties (including without limitation improvements and equipment) which he omitted and concealed from his Bankruptcy Petition, schedules and related filings.

Moreover, although Jeffery purports not to have "possession" of responsive documents, he does not deny that he has control over responsive documents, whether through his agents (such as his attorneys Leisawitz Heller, insurance agents, or otherwise) [see fn. 2 above]. Jeffery is required to produce all documents in the control of his agents or otherwise available to him.

Accordingly, all responsive DOCUMENTS should be produced."

21. Refusal of Jeffery and his counsel Leisawitz Heller to comply with discovery obligations reflects an apparent, ongoing attempt to conceal bankruptcy fraud and other misconduct. Moreover, their refusal to provide or cooperate in discovery has been typical of misconduct in the related case in which Artesanias was required to repeatedly

10

obtain compulsion orders from Judge Heffley (before that case was transferred by the District Court to this Bankruptcy Court) in order to obtain discovery.

22. To properly depose key witnesses in this action, including (among others, Jeffery himself, his wife Wilhemina Jeffery, and others with knowledge of the facts and matters at issue), Artesanias needs the documents and information sought from, but withheld by, Jeffery.

23. In short, on the one hand, Artesanias is being denied discovery as to issues relevant to allegations in and proceedings for its Complaint to Deny Jeffery Discharge, whilst, on the other hand, Jeffery and his counsel Leisawitz Heller (a defendant in the related case) refuse to provide, and instead stonewall, that required discovery, thereby also preventing Artesanias from deposing witnesses as to that withheld discovery, and so frustrating discovery sought by Artesanias and the discovery schedule set by this Court.

24. In light of Jeffery's refusal to provide that discovery, the Court's current discovery cut-off of August 23, 2018 has become unrealistic and untenable and will be unfair and prejudicial to plaintiff/judgment creditor Artesanias.

25. Accordingly, pursuant to Bankruptcy Rules 7026 (applying FRCP Rule 26), 7033 (applying FRCP Rule 33), 7034 (applying FRCP Rule 34), and 7037 (applying FRCP Rule 37), Artesanias respectfully requests an order to (i) compel Jeffery to fully, promptly, and properly produce a Bates-stamped copy of all responsive documents sought, and to fully, promptly, and properly answer under oath, all interrogatories in Artesanias' April 23, 2016 discovery requests and (ii) to extend the discovery deadline and related deadlines in this adversary action so that discovery may be properly had by plaintiff/judgment creditor Artesanias.

Date: June 19, 2018         /s/Barry L. Goldin
                            BARRY L. GOLDIN, ESQ.
                            3744 Barrington Drive,
                            Allentown, PA  18104-1759
                            Tel: 610-336-6680
                            Email: barrygoldin@earthlink.net
                            *Attorney for Plaintiff/Judgment Creditor*
                            *Artesanias Hacienda Real S.A. de C.V.*