IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Ivan L. Jeffery,<br>       Debtor | Chapter 7<br>Case No. 16-15037-REF |
| ARTESANIAS HACIENDA REAL S.A. de C.V.,<br>       Plaintiff<br>   vs.<br>IVAN JEFFERY,<br>       Defendant | Adversary No. 17-00028 |

## MOTION OF DEFENDANT, IVAN JEFFERY, FOR SUMMARY JUDGMENT

AND NOW COMES the Defendant, Ivan Jeffery, by and through his counsel, Charles J. Phillips, Esquire, Eden R. Bucher, Esquire and Leisawitz Heller Abramowitch Phillips, P.C., and in support of his Motion for Summary Judgment hereby represents as follows:

BACKGROUND

1. The Debtor, Ivan L. Jeffery, filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code on July 15, 2016, and was granted an Order for Relief thereon.

2. Lynn E. Feldman, Esquire was appointed as Chapter 7 Trustee of the Debtor's Bankruptcy Estate on July 18, 2016 and continues to serve in that capacity.

3. On or about January 19, 2017, the Plaintiff, Artesanias Hacienda Real S.A. de C.V., filed a Complaint to Deny Debtor Discharge and to Dismiss Bankruptcy Case in this adversary proceeding against the Debtor (the "Complaint").

{01357545 }

4. By Order dated March 29, 2018, this Honorable Court granted summary judgment in favor of the Defendant and against the Plaintiff on Count IV of the Complaint.

5. Pursuant to the Further Revised Pretrial Schedule Submitted Jointly by the Parties and entered as an Order of this Honorable Court on October 24, 2018, discovery in this matter is now concluded.

6. Summary judgment standards under F.R.C.P. 56 are made applicable to bankruptcy adversary proceedings by F.R.B.P. 7056.

7. Pursuant to F.R.C.P. 56(c), summary judgment is appropriate "if the pleadings, discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law".

8. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions … which it believes demonstrate an absence of a genuine issue of material fact". Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

9. Once the moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. F.R.C.P. 56(e).

10. As explained by Judge Frank of the United States Bankruptcy Court for the Eastern District of Pennsylvania in his opinion dated January 21, 2009 in Robert H. Holber, Chapter 7 Trustee v. Neal M. Jacobs, et. al., Adv. No. 08-00013, Doc. No. 65 at p. 3:

> Before a motion for summary judgment may be granted, the court must find that the motion alleges facts which, if proven at trial, would require a directed verdict in favor of the movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant meets this initial burden, the responding party may not rest on his or her pleadings, but must designate specific factual

averments through the use of affidavits or other permissible evidentiary material that demonstrates a triable factual dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50, 106 S.Ct. 2505, 2510-11 (1986).

## MOTION FOR SUMMARY JUDGMENT ON COUNT I – DEFENDANT DEBTOR JEFFERY KNOWINGLY AND FRAUDULENTLY, IN OR IN CONNECTION WITH THIS CASE MADE FALSE OATH OR ACCOUNT

11. Count I of the Complaint in this matter seeks a denial of the Defendant's discharge pursuant to 11 U.S.C. §727(a)(4)(A) and alleges that the Debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account.

12. A party seeking a denial of a debtor's discharge pursuant to 11 U.S.C. §727(a) must prove every element of its claims by a preponderance of the evidence. *See, e.g.*, In re Ciotti, 448 B.R. 694 (Bankr. W.D.Pa. 2011).

13. In support of its claim that the Defendant should be denied a discharge, the Plaintiff alleges that the Defendant made a series of false oaths or accounts in his Bankruptcy Petition, related bankruptcy schedules and Statement of Financial Affairs as follows:

(a) by listing Plaintiff's judgment in his bankruptcy schedules as disputed and unsecured;

(b) by failing to disclose in his bankruptcy schedules that he was the proprietor of a pecan farm business and is now in the orange farming business;

(c) by failing to disclose in his bankruptcy schedules the use of the business names Paisley Pecan Farms and Paisley Naval Yard;

(d) failing to disclose that farming machinery and equipment was located in or outside of a pecan barn which is on another property adjacent to the Debtor's residence;

(e) by failing to disclose his ownership of tractors;

(f) by failing to disclose any ownership interest in any farm or business-related property;

(g) by knowingly, intentionally and fraudulently falsely declaring on his Amended Schedule A/B that he has no "trusts, equitable or future interests in property" and no "rights or powers exercisable for his benefit";

(h) by failing to disclose on his Statement of Financial Affairs the sale of $20,000 of timber within two (2) years of the bankruptcy filing;

(i) by failing to disclose that he controls the Lake County Properties owned by the Revocable Trust;

(j) by failing to disclose an alleged $10,000 gift to his brother made within two (2) years of the bankruptcy filing; and

(k) by failing to disclose his interest under the Amended Junior Participation Agreement with North Mill Capital ("North Mill").

*(See* Plaintiff's Complaint at Paragraphs 57 through and including 70.)

14. As stated by the Court in In re: Ciotti,

> A discharge under 11 U.S.C. §727 is the "heart" of the fresh start provided a debtor under bankruptcy law. Rosen v. Benzer, 996 F.2d 1527, 1531 (3d Cir. 1993). Denial of a discharge should occur only in extreme circumstances. In re Corona, 2010 WL 1382122 at *7 (D.N.J. 2010) citing In re Cohn, 54 F.3d 1108, 1113 (3rd Cir. 1995); In re Yanni, 354 R.R. 708, 711 (Bankr.E.D.Pa.2006). As a result, courts are to liberally construe the discharge provisions of the Bankruptcy Code in favor of the debtor.

*Id.* at 701.

15. In order to succeed under 11 U.S.C. §727(a)(4)(A), the complaining party must prove by a preponderance of the evidence that: (a) the debtor made a statement under oath; (b) the statement was false; (c) the debtor knew the statement was false; (d) the debtor made the

4

statement with fraudulent intent; and (e) the statement related materially to the bankruptcy case. *See, e.g., id*. at 703.

16. The evidence in this case demonstrates that the alleged false statements of the Defendant outlined in Count I of the Plaintiff's Complaint were either in fact true, not made with fraudulent intent, and/or not related materially to the Defendant's bankruptcy case.

17. Attached hereto as **Exhibit "A"** are true and correct copies of the Defendant's original Schedule A/B filed on July 15, 2016, the amended Schedule A/B filed on August 9, 2016, and the amended Schedule A/B filed on August 29, 2016.

18. As evidenced by Exhibit "A", at the time of the filing of the Defendant's bankruptcy case, he owned no real property to which the lien of the Plaintiff's judgment could attach, therefore the Plaintiff's judgment is unsecured. As to the designation that the Plaintiff's judgment is disputed, that designation was a simple error and is not material to the Defendant's bankruptcy case. In addition, no evidence exists as to any fraudulent intent on the part of the Defendant relating to that designation.

19. Attached hereto as **Exhibit "B"** is a true and correct copy of the relevant portions of the Notes of Testimony from the Defendant's 341 Meeting held on August 22, 2016 ("341 N.T.") and the Continued 341 Meeting held on December 5, 2016 ("Cont'd 341 N.T.").

20. The Defendant was deposed by the Plaintiff in this matter on December 5, 2018. A true and correct copy of the relevant portions of the Notes of Testimony from the December 5, 2018 deposition is attached hereto as **Exhibit "C"**.

21. True and correct copies of the Defendant's Schedules F from his 2014 and 2015 Federal Income Tax Returns are attached hereto as **Exhibit "D"**.

22.     As testified to by the Defendant at his 341 Meeting and during his deposition, and as evidenced by his tax returns, the Defendant never made a profit from pecan farming and therefore did not consider those activities to actually be a business. *See* Exhibit "B" at 341 N.T., p. 92:7-10; Cont'd 341 N.T., p. 79:4-11; Exhibit "C", pp. 165:23-167:6. Also, the Defendant has yet to produce any income from the sale of oranges. *See* Exhibit "B" at 341 N.T., pp. 93:19-94:3.

23.     There is no evidence in this case of a fraudulent intent behind the Defendant's failure to list activities which have not produced any income as businesses, and the Defendant submits that the failure does not materially relate to his bankruptcy case[1].

24.     Similarly, as evidenced by the Defendant's testimony, his use of the name "Paisley" in connection with the growing of pecans and oranges was casual at best, and has no material connection to this bankruptcy case. In addition, as the Defendant did not seriously consider the pecan and orange growing activities to be businesses, his not listing the use of the Paisley name was inadvertent and certainly not born of fraudulent intent. *See* Exhibit "B" at 341 N.T., pp. 94:13-22, 102:23-103:15; Cont'd 341 N.T., p. 44:11-12, and Exhibit "C", pp. 151:19-153:13, 223:9-224:18.

25.     Despite the allegations of the Plaintiff in the Complaint that the Defendant failed to list his ownership of tractors, a review of Exhibit "A" shows that the Defendant listed his ownership of tractors and other equipment used on the farm in Part 7 of all three Schedules A/B filed in the Defendant's bankruptcy case.

26.     There is no explanation in the Complaint nor in any of the discovery in this case that the location of the farming machinery and equipment on a property adjacent to the

---

[1] It should be noted that the Defendant submitted copies of his Federal Tax Returns to the Chapter 7 Trustee (which included Schedule F – Profit or Loss from Farming) at or around the time when his Bankruptcy Petition was filed in preparation for his 341 Meeting.

Defendant's residence is in any way material to this bankruptcy case. The Defendant stated in his 341 Meeting that on that date the tractors and equipment were either located in the fields, in the pecan barn, or in the barn at 42584 Maggie Jones Road (*see* Exhibit "B" at Con't 341 N.T., p. 87:17-22), and as the tractors and other equipment were listed in the Defendant's Schedule A/B, the failure to state the exact location of the tractors and other equipment does not rise to the level of a false oath or account which would justify the denial of the Defendant's discharge.

27.     The Plaintiff alleges in the Complaint that the Defendant failed to list his interest in the Wilhelmina S. Jeffery Revocable Trust which holds title to the Lake County Properties.

28.     Attached hereto as **Exhibit "E"** is a true and correct copy of the Wilhelmina S. Jeffery Revocable Trust (the "Trust") which was created on February 1, 2008.

29.     Attached here as **Exhibit "F"** are true and correct copies of emails between the Defendant and his counsel regarding the formation of the Trust which have been provided to the Plaintiff's counsel during the discovery in this matter.

30.     As explained in Exhibits "E" and "F", Wilhelmina S. Jeffery, the Defendant's wife (a/k/a Nina Jeffery), is the settlor of the Trust, and the Trust was created solely for estate planning purposes.

31.     Despite the Plaintiff's allegations to the contrary, the Defendant does not control the ownership of the Lake County Properties and cannot remove them from the Trust.

32.     The Defendant did not fraudulently conceal the existence of the Trust, and listed the payments made on the Trust's mortgage prior to his bankruptcy filing in Part 3 at Number 8 of his Statement of Financial Affairs filed on July 15, 2016, a true and correct copy of which is attached hereto as **Exhibit "G"**.

33. Pursuant to the terms of the Trust, which contains a spendthrift clause (*see* Exhibit "E" at Paragraph 14), the Defendant's only interest therein is a contingent interest in the income thereof if he survives his wife and the income is necessary for his maintenance and support at that time (*see* Exhibit "E" at Paragraph 6.A.).

34. A debtor's contingent future interest in the income of a trust containing a spendthrift clause is not property of the debtor's estate. 11 U.S.C. §541(c)(2). *See also*, In re Blanchard, 201 B.R. 108 (E.D. Pa 1996) and Wachovia Bank, N.A. v. Levin, 419 B.R. 297 (E.D. NC. 2009).

35. The only assets owned by the Trust are the Lake County Properties. This is not a case in which a debtor placed all of his assets in a trust to protect them from his creditors. The Trust was created solely for estate planning purposes, i.e., to avoid dual probate in both Pennsylvania and Florida and to even out the assets of the Jefferys to lessen the payment of federal inheritance taxes.[2]

36. At the time the Trust was created, the Defendant did not owe any money to the Plaintiff, nor did he even own Wilton Armetale, Inc. ("Wilton"). The Trust was created more than two (2) years before the Defendant purchased Wilton, and eight (8) years before he signed a personal guaranty for Plaintiff's debt.

---

[2] When the Trust was created (February 1, 2008), the Defendant and his wife were both residents of Pennsylvania. Also, the manner in which Mr. and Mrs. Jeffery owned their assets (primarily jointly) and the value of their assets was such that upon their deaths, they would not be able to take advantage of the federal unified credit ($2,000,000 in 2008) to offset federal estate taxes. The Trust (and the transfer of the Lake County Properties into the Trust) was recommended to "even out" the columns of assets owned individually by both M. and Mrs. Jeffery so that both of their respective estates could pass on assets to their beneficiaries of up to $2,000,000 in value or the unified credit amount in effect at the time of their deaths free of inheritance tax, essentially doubling the amount of assets that could be distributed free of federal inheritance tax. The creation of the Trust (and transfer of the Lake County Properties into the Trust) was also recommended as a way of avoiding probate in two (2) states. Real estate owned in a revocable trust would be part of the probate estate of the settlor in her state of residence. If owned in individual or joint names, the real estate would be subject to an ancillary probate proceeding in the jurisdiction in which the real estate is located. The Trust accomplished this goal of avoiding probate in both Pennsylvania and Florida, simplifying the probate process for Mr. and Mrs. Jeffery.

8

{01357545 }

37. The failure of the Defendant to list the sale of the timber in his bankruptcy schedules was an honest mistake. The Defendant provided all requested information regarding the proceeds of the sale to the Chapter 7 Trustee's accountant and answered his questions regarding same at his 341 Meeting (Exhibit "B" at Cont'd 341 N.T., p. 45:2-23). No evidence exists that the mistake was in any way intentional, fraudulent or is materially related to the Defendant's bankruptcy case.

38. The Plaintiff also alleges that the Defendant committed fraud in failing to list a $10,000 payment to his brother within two (2) years of his bankruptcy filing. While the Plaintiff categorized the payment as a gift, the Defendant testified at his 341 meeting that the payment he made to his brother was in exchange for work his brother had done for him. *See* Exhibit "B" at Cont'd. 341 N.T., pp. 8:20-9:24.

39. A denial of discharge under 11 U.S. §727(a)(4) requires that the debtor made a false oath or statement that the debtor knew was false, the debtor made the statement with intent to deceive, and the statement was material to the bankruptcy case. *See, e.g.* In re Adalian, 474 B.R. 150, 165 (M.D.Pa 2012).

40. In addition, "a false oath is not actionable [under 11 U.S.C. §727(a)4] unless it was 'knowingly and fraudulently made.' " In re Barbe, 466 B.R. 737, 745 (Bankr. E.D.Pa. 2012), citing 6 Collier on Bankruptcy, ¶727.04[1][a] at 727-36.

41. The actions alleged by the Plaintiff in the Complaint are not material to the Defendant's bankruptcy case, and are honest mistakes or oversights.

42. In addition, no evidence of an intent to deceive on the part of the Defendant exists, nor is there any logical reason to believe that the actions contained in Count I of the Complaint could be an attempt by the Defendant to deceive the Plaintiff, or any other entity.

{01357545 }

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court grant summary judgment in his favor and against the Plaintiff, Artesanias Hacienda Real S.A. de C.V., on Count I of Plaintiff's Complaint.

### MOTION FOR SUMMARY JUDGMENT ON COUNT II – DEFENDANT DEBTOR JEFFERY, WITH INTENT TO HINDER, DELAY OR DEFRAUD, CONCEALED PROPERTY AND MADE PRE- AND/OR POST-PETITION TRANSFERS THEREOF

43. The Defendant hereby incorporates Paragraphs 1 through and including 42 hereinabove as though the same were set forth here in their entirety.

44. In Count II of the Plaintiff's Complaint, the Plaintiff alleges that the Defendant, with the intent to hinder, delay or defraud the Plaintiff, concealed and permitted to be concealed property of the Defendant within one (1) year before July 15, 2016, the date of the filing of the Defendant's Bankruptcy Petition, and property of the Bankruptcy Estate after the date of filing of the Bankruptcy Petition.

45. Pursuant to 11 U.S.C. §727(a)(2)(A) & (B), the court shall grant the debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one (1) year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition.

46. The Plaintiff claims that the Defendant has, with intent to hinder, delay or defraud the Plaintiff and the Chapter 7 Trustee, concealed and permitted to be concealed property of the Defendant within one (1) year before the date of his Bankruptcy Petition and property of the Estate after the date of the filing of the Petition, including, without limitation:

  (a) his interest in the Lake County Properties, including the real estate, houses and barns thereon, the citrus trees and improvements, and machinery and equipment;

  (b) the proceeds from the sale of the timber and other revenues from the Lake County Properties;

  (c) funds paid for farming expenses and property maintenance;

  (d) payment of $10,000 to the Defendant's brother for work performed; and

  (e) the Defendant's interest in the Junior Participation Agreement with North Mill.

47. Under 11 U.S.C. §727(a)(2), the Plaintiff bears the burden of proving by a preponderance of the evidence that the Defendant committed the acts complained of with improper intent, *i.e.*, the intent to hinder, delay or defraud the Plaintiff. *See, e.g.* In re Sobol, 545 B.R. 477, 496 (Bankr. M.D.Pa. 2016), citing In re Luby, 438 B.R. 817, 828 (Bankr. E.D.Pa. 2010), and In re Finney, 333 B.R. 242, 247 (Bankr. W.D.Pa. 2005).

48. There is absolutely no evidence in this case that the Defendant took any action whatsoever with the improper intent of defrauding the Plaintiff.

49. As explained hereinabove, the Defendant has no interest in the Lake County Properties constituting property of the Estate, the Defendant's interest in tractors and farm machinery was disclosed on his Schedule A/B, the Defendant has provided the Chapter 7 Trustee's accountant with all information concerning the sale of the timber, and the Defendant did not make a gift to his brother, but rather paid his brother for work performed.

50. In addition, on April 10, 2018, the Chapter 7 Trustee filed an adversary proceeding to No. 18-00087 against the Defendant and his wife seeking, *inter alia*, the return of

the funds paid by the Defendant for farm expenses and property maintenance referred to in Count II of the Complaint.

51. On November 26, 2018, Judge Fehling granted the Chapter 7 Trustee's Motion to Settle the Adversary Proceeding for a payment from the Defendant and his wife to the Chapter 7 Trustee in the amount of Two Hundred Seventy-Five Thousand and 00/100 Dollars ($275,000.00).

52. The Plaintiff also places much emphasis on the Defendant's alleged concealment of his interest in the Junior Participation Agreement by and between North Mill and the Defendant.[3]

53. A close reading of the First Amendment to Junior Participation Agreement attached to the Plaintiff's Complaint as Exhibit 12, coupled with the agreement reached by the Chapter 7 Trustee, the Plaintiff and North Mill in the Wilton bankruptcy proceeding (*see*, Docket Nos. 58, 66, and 67 in Bankruptcy Case No. 16-16779), demonstrates that the value of the Defendant's interest in the Junior Participation Agreement is, and was on the date of the filing of the Defendant's Bankruptcy Petition, zero.

54. As explained by the Defendant in his deposition in this matter, the Defendant never truly believed that he would recover any of the funds which he used to participate in the loan from North Mill to Wilton, and the First Amendment to Junior Participation Agreement was simply an attempt to try to recover something from the sale of Wilton's real property. *See* Exhibit "C", pp. 371:21 – 373:15.

---

[3] The Junior Participation Agreement, a true and correct copy of which is attached hereto as **Exhibit "H"**, was entered into on April 20, 2015 at the time that North Mill Capital ("North Mill") provided financing to Wilton. North Mill required the Defendant to contribute $250,000 which became part of the funds loaned by North Mill to Wilton. Defendant "participated" as a junior lienholder on Wilton's assets. Essentially, the Defendant could not be repaid from a liquidation of Wilton's assets until North Mill was paid in full. Although modified to permit an 80/20 participation in the net proceeds from the sale of Wilton's real estate, the priority of North Mill's full claim on all other assets of Wilton and the value of those assets eliminated any chance that the Defendant would receive any distribution on account of his junior participation interest.

55. The Plaintiff has produced no evidence that the Defendant's failure to list as an asset his interest in the First Amendment to Junior Participation Agreement with North Mill, which had no value at the time of the Defendant's bankruptcy filing, was done with the intent to hinder, delay or defraud the Plaintiff as required by 11 U.S.C. §727(a)(2).

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court grant summary judgment in his favor and against the Plaintiff, Artesanias Hacienda Real S.A. de C.V., on Count II of Plaintiff's Complaint.

### MOTION FOR SUMMARY JUDGMENT ON COUNT III – DEFENDANT DEBTOR JEFFERY CONCEALMENT OF RECORDS, INCLUDING (AMONG OTHERS) JEFFERY'S 2015 FEDERAL INCOME TAX RETURN

56. The Defendant hereby incorporates Paragraphs 1 through and including 55 hereinabove as though the same were set forth here in their entirety.

57. In Count III of the Plaintiff's Complaint, the Plaintiff alleges that the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(3) due to the fact that the Defendant had not produced his 2015 Federal Income Tax Return to the Plaintiff.

58. The 2015 Tax Return was provided to the Chapter 7 Trustee on October 20, 2016 and to the Plaintiff's counsel on February 14, 2017.

59. There is no requirement under the Bankruptcy Code that a debtor provide tax returns filed after the bankruptcy case is commenced to creditors within a certain time.

60. Not immediately providing the Defendant's 2015 Tax Return to the Plaintiff upon its demand therefor does not rise to the level of extreme circumstances justifying a denial of the Defendant's discharge under 11 U.S.C. §727(a)(3).

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court grant summary judgment in his favor and against the Plaintiff, Artesanias Hacienda Real S.A. de C.V., on Count III of Plaintiff's Complaint.

## MOTION FOR SUMMARY JUDGMENT ON COUNT V – DEFENDANT DEBTOR JEFFERY CAUSED WILLFUL AND MALICIOUS INJURY TO ARTESANIAS

61. The Defendant hereby incorporates Paragraphs 1 through and including 60 hereinabove as thought the same were set forth here in their entirety.

62. In Count V of the Plaintiff's Complaint, the Plaintiff alleges that the Defendant caused willful and malicious injury to the Plaintiff and therefore the Defendant's discharge should be denied and his bankruptcy case dismissed.

63. Pursuant to §523(a)(6), a discharge under section 727 of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

64. The Plaintiff claims that the Defendant caused it willful and malicious injury by:

(a) representing to the Plaintiff that the Defendant owned valuable real estate in Florida in order to induce the Plaintiff to accept a personal and unconditional guaranty from the Defendant and to continue to produce and deliver inventory for Wilton,

(b) refusing to consent to a judgment against Wilton in the Plaintiff's collection action against it;

(c) consenting to the sale of Wilton's non-real estate assets in exchange for the First Amendment to Junior Participation Agreement;

(d) consenting to and not opposing inflated North Mill confessions of judgment;

(e) not opposing North Mill's foreclosure action;

{01357545 }

Document    Page 15 of 17

(f)    knowingly and intentionally favoring the interest of North Mill over the Plaintiff over the Plaintiff; and

(g)    knowingly and intentionally preventing the Plaintiff from recovering on its judgment.

65.    A willful and malicious injury requires a deliberate or intentional injury, and the debtor's action must have the purpose of producing injury or have a substantial certainty of producing injury.  *See, e.g.* In re Scott, 294 B.R. 620, 631-632 (W.D.Pa. 2003).

66.    A creditor seeking an exemption from discharge under 11 U.S.C. §523(a)(6) must show acts done deliberately or intentionally to injure the creditor or to create the debt to creditor. "Actions taken later which may have made repayment of the initial debt more difficult cannot make the debt itself one for willful and malicious injury." In re Adalian, *supra*, at 163.

67.    In Count V of the Complaint, the Plaintiff also appears to be alleging that the Defendant's discharge should be denied pursuant to 11 U.S.C. §523(a)(2), which provides in pertinent part that a discharge under section 727 does not discharge an individual debtor from any debt

> (2) For money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing –
>   (i)  that is materially false;
>   (ii) respecting the debtor's or an insider's financial condition;
>   (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>   (iv) that the debtor caused to be made or published with intent to deceive.

68. The Director of the Plaintiff, Ernesto Martin del Campo, was deposed in this matter on August 20, 2018. The relevant portions of the August 20, 2018 deposition transcript are attached hereto as **Exhibit "I"**.

69. Ernesto Martin del Campo testified in his deposition that the Defendant told him that he owned a farm in Florida that "was like a big land and with houses" and that the Defendant never told him how much the farm was worth or how title to the farm was held. Exhibit "I" at 43:16 – 45:11.

70. No other allegations have been made by the Plaintiff regarding any representations made by the Defendant to the Plaintiff regarding his financial condition.

71. The Supreme Court of the United States, in <u>Lamar, Archer & Cofrin, LLP v. Appling,</u> 138 S.Ct. 1752, 1757 (2018) held, with regard to the fraud discharge exception contained in 11 U.S.C. §523(a)(2), that "[t]he statutory language makes plain that a statement about a single asset can be a 'statement respecting the debtor's financial condition.' If that statement is not in writing, then, the associated debt may be discharged, even if the statement was false."

72. Therefore, even if the Defendant made the statement to Ernesto Martin del Campo regarding the Florida real estate, as the statement was not in writing, it does not trigger the fraud discharge exception under 11 U.S.C. §523(a)(2).

73. The remainder of the allegations in Count V of the Complaint relate to actions allegedly taken or not taken by the Defendant that the Plaintiff claims caused it injury after the debt to the Plaintiff was incurred.

74. The Plaintiff fails to acknowledge, but does not dispute, that as of the date of the entry of Plaintiff's judgment against Wilton, Wilton no longer had the funds to contest any

litigation taken against it, including North Mill's collection actions and enforcement of its first priority liens in and on all of Wilton's assets.

75. As the Plaintiff fails to allege any injury to the Plaintiff directly caused by the alleged conduct of the Defendant after the debt to the Plaintiff was incurred, no willful and malicious injury exists to justify the exemption of the Plaintiff's debt from discharge under 11 U.S.C. §523(a)(6), and summary judgment should be granted in favor of the Defendant and against the Plaintiff on Count V of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court grant summary judgment in his favor and against the Plaintiff, Artesanias Hacienda Real S.A. de C.V., on Count V of Plaintiff's Complaint.

Respectfully submitted,

LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.

Dated: January 30, 2019     By:    */s/ Charles J. Phillips*
Charles J. Phillips, Esquire
Eden R. Bucher, Esquire
2755 Century Boulevard
Wyomissing, PA 19610
Phone: 610-372-3500
Fax: 610-372-8671
Attorneys for Debtor, Ivan L. Jeffery

{01357545 }