IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Ivan Jeffery, | : Chapter 7 |
|     Debtor | : Case No. 16-15037-REF |
| _____ | : |
| ARTESANIAS HACIENDA REAL S.A. de C.V., | : |
|     Plaintiff | : Adversary No. 17-00028- |
| vs. | : JKF |
| IVAN JEFFERY, | : |
|     Defendant | : |
| _____ | : |

## REPLY MEMORANDUM OF LAW OF PLAINTIFF JUDGMENT CREDITOR ARTESANIAS HACIENDA REAL S.A. de C.V. IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS FIRST COUNT TO DENY DEFENDANT JUDGMENT DEBTOR IVAN JEFFERY DISCHARGE UNDER 11 USC §§727(a)(4)(A).

BARRY L. GOLDIN, ESQ.   and   JOHN R. K. SOLT, ESQ.
3744 Barrington Drive                2045 Westgate Dr., Suite 404B
Allentown, PA 18104                 Bethlehem, PA 18017
Tel: 610-336-6680  Fax: 610-336-6678   Tel: 610-865-2465  Fax: 610-691-2018
Email: barrygoldin@earthlink.net       Email: jsolt.soltlaw@rcn.com
*Attorneys for Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V.*

Plaintiff Artesanias Hacienda Real S.A. de C.V. ("Artesanias") submits this Reply Memorandum of Law in further support of its motion for summary judgment to deny discharge for defendant debtor Ivan Jeffery ("Jeffery") for his false bankruptcy filings.[1]

1. <u>Jeffery's "Reckless Indifference" to His Duty to Make Truthful Disclosures</u>. In Jeffery's Opposition Memorandum, he ignores that discharge denial under §727(a)(4)(A) results from failure to disclose matters of which he has knowledge; fraudulent intent to conceal facts is shown by "pattern of false statements evidencing a reckless indifference to the truth"; there is no need to show a false oath or omission resulted in loss to the estate, "if it adversely affects creditor's ability to investigate debtor's financial affairs"; and he may not assert as a defense that "omitted or falsely stated information concerned a worthless business relationship or holding".[2] His filings (including at least 13 material falsehoods) concealed his interests in properties, contracts, and other assets valued at more than $1.4 million (including his diversion of more than $300,000 within a year of his bankruptcy filing); to conceal falsehoods he withheld relevant documents sought; and his false disclosures and concealment affected ability to investigate his financial affairs.

2. <u>Jeffery Submits No Evidence to Deny His Pattern of False Bankruptcy Filings</u>. Jeffery's Opposition [Dkt. 90] is not supported by Affidavit; includes almost no citation to any fact in the record; and does not create any issue of material fact. Indeed, Jeffery

---

[1] Previously Artesanias filed its Motion for Summary Judgment on Its First Count to Deny Jeffery Discharge under 11 U.S.C. §727(a)(4) [Dkt. 77 *et seq.*] and accompanying Memorandum of Law [Dkt. 77-3], Statement of Undisputed Material Facts ["SUMF", Dkt. 77-2], Goldin Affidavit ("Goldin Aff.") [Dkt. 77-4] and exhibits thereto [1-63]. To lessen duplicative filings, Artesanias cites herein to those documents.

[2] *In re Kennedy*, 566 B.R. 690, 720-4 (Bankr. D. N.J. 2017) citing *In re Kinard*, 518 B.R. 290, 306 (Bankr. E.D. Pa. 2014) & *DeAngelis v. Williams*, 2012 WL 3564027 *7 (Bankr. M.D. Pa. 2012). *See also In re Comu*, 2014 WL 3339593 *11-19, 36-38 (Bankr. N.D. Tex.) (debtor denied discharge for failure to disclose sham trusts/alter egos in the name of his family members, but which he controlled and used to conceal assets).

1

does not deny any of the following material facts established in the SUMF, admitted by Jeffery in his responses to Artesanias' Notices to Admit or in his or his wife's testimony:

(i) the Revocable Trust in the name of his wife (who admitted not knowing or fulfilling any trustee duties) has had no bank account, records, or tax identification number of its own [SUMF #5-7]; engaged at all times in prohibited commingling of funds and property (Jeffery having deposited all pecan sales, timber harvesting, hunting permission and other receipt in, and paid all real estate taxes, improvement, maintenance and other expenses from, his bank account) [SUMF #32-55]; and is his "sham"/"alter ego" [SUMF #102-3];

(ii) Jeffery purchased, paid the down payment and later the mortgage on the 42584 Maggie Jones Rd. property; arranged and paid the purchase price of the 42600 Maggie Jones Rd. property; inherited, paid an equalizing payment for his siblings and purchased from his father's estate the equipment on the 42710/42810 Maggie Jones Rd. property; as part of his diversion of his funds within a year of his bankruptcy filing, arranged and paid from his bank account more than $225,000 for 5,500 citrus trees, well, pump, and irrigation system on those properties; on his tax return Schedule "F" (Profit or Loss from Farming) listed himself as "Proprietor", reported his ownership of that property having a cost of nearly $900,000, and took depreciation and other expenses as business expenses for his benefit; renewed registration of the doing business name "Paisley Pecan Farm" in his own name; and filed documents with Florida authorities stating he was "Landowner" of those properties and doing business as "Paisley Naval Farm" [SUMF #8-70];

(iii) Jeffery is settlor of those Maggie Jones Rd. properties he so inherited or purchased, paid for, and uses and exploits as his own, but for which he pays no rent [SUMF #8-70];

(iv) Jeffery diverted $10,000 of funds by gift weeks before his bankruptcy [SUMF #105].

3. <u>The Revocable Trust.</u> Jeffery has been and is beneficiary of the Revocable Trust whose assets could be distributed "for" him [Dkt. 77-69 §2 first sentence] as directed by his wife (who admitted not knowing any terms of the Trust) [SUMF #5]. All purported Trust funds were commingled in, available for his use, and disbursed by him from, his bank account; the trust was a "sham"/his "alter ego"; and also, as Jeffery was its settlor, its assets are available under Pennsylvania law for claims of his creditors. His interest in the Trust and Trust assets should have been disclosed in his schedules/SOFA.

4. <u>Jeffery as Named Insured and Insurance Payee.</u> In April 2016 (before his July 2016 bankruptcy filing), he paid the last $69,000 to satisfy the Maggie Jones Rd.

2

mortgage [SUMF #17]; so was no longer liable thereon; and thus had no insurable interest therein. But, he continued to list himself (not the trust) as named insured for all insurance (in the sum of more than $1.5 million) on the properties, made insurance claims in his own name, and deposited the insurance proceeds in his own bank account, thereby further confirming his ownership and financial interest in the properties [SUMF #92-97].

5. <u>His Four Year Commission Agreement with Cast-Rite Metal</u>. Jeffery admits not listing his four-year commission contract with Cast-Rite Metal Co. under which he was paid approximately $12,000 per year [SUMF #76-78], but argues he listed his receipt of past $1,000 payments. That four-year commission agreement (being more valuable than an arrangement presumably terminable at will) was required to be disclosed.

6. <u>The Bribe Contract with North Mill.</u> Jeffery argues he did not disclose his bribe agreement (under which he was to be paid 20% of net proceeds from sale of Wilton real estate [Dkt. 1-15]), because North Mill began foreclosure proceedings on Wilton's real estate. But Jeffery and his counsel had not opposed (instead had encouraged) North Mill foreclosure efforts [Dkt. 1-18 & 1-19], because they and North Mill contemplated using that foreclosure to overcome Artesanias' recorded judgment lien. Moreover later, after North Mill's foreclosure efforts failed, the real estate was in fact sold by Wilton [Dkt. 91-30]. So Jeffery's excuse for not disclosing his bribe agreement is without merit.

Date: February 28, 2019
/s/Barry L. Goldin                              /s/John R. K. Solt
BARRY L. GOLDIN, ESQ.                JOHN R. K. SOLT, ESQ.
3744 Barrington Drive                      2045 Westgate Dr., Suite 404B
Allentown, PA 18104                        Bethlehem, PA 18017
Tel: 610-336-6680  Fax: 610-336-6678    Tel: 610-865-2465  Fax: 610-691-2018
Email: barrygoldin@earthlink.net        Email: jsolt.soltlaw@rcn.com
   *Attorneys for Plaintiff/Judgment Creditor Artesanias Hacienda Real S.A. de C.V.*
                                                                HAC90206.5CSSJ